40TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. JOHN THE BAPTIST

STATE OF LOUISIANA

CIVIL ACTION NO. 77169      DIVISION " "          SECTION "C"

**ERIC M. GAUFF, JR.**

-versus-

**PROGRESSIVE SECURITY INSURANCE COMPANY,**
**DIONNIS GUEVARA-FIGUERDO AND DGF TRANSPORT LLC**

St. John the Baptist Parish Clerk of Court
Eliana DeFrancesch
Filed: LAPLACE, LOUISIANA
Date: OCTOBER 1, 2021
Time: 3:16 P.M.

_____
DEPUTY CLERK

## PETITION FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, ERIC M. GAUFF, JR., of age and domiciled in the Parish of St. Charles, State of Louisiana, with respect represents that:

I.

The following parties be made Defendants herein:

a.   PROGRESSIVE SECURITY INSURANCE COMPANY, a domestic insurer, domiciled in the State of Louisiana, authorized to do and doing business in the State of Louisiana;

b.   DIONNIS GUEVARA-FIGUERDO, of age and a resident of the State of Texas; and

c.   DGF TRANSPORT LLC, a limited liability company, domiciled in Texas, not authorized to do but doing business in the State of Louisiana.

II.

On October 23, 2020, at approximately 8:30 a.m., Plaintiff, ERIC GAUFF, JR., was the owner and operator of a 2016 Chevrolet Camaro, traveling in the left through lane of southbound Louisiana Highway 3138, near its intersection with West Airline Highway, which southbound Louisiana Highway 3188 traffic, at all material times herein was controlled by a red traffic control signal, when Plaintiff, ERIC M. GAUFF, JR., brought his vehicle to a gradual, safe and complete stop, due to the red traffic control signal, in the City of LaPlace and Parish of St. John the Baptist, State of Louisiana.



III.

Defendant, DIONNIS GUEVARA-FIGUERDO, on that date, was the owner and operator of a 2015 Volvo tractor trailer, traveling in the left turn lane on southbound Louisiana Highway 3138, at that same location, traveling adjacent to the GAUFF vehicle, when suddenly and without warning, defendant, DIONNIS GUEVARA-FIGUERDO, changed from the left turn lane into the left through lane and collided with the GAUFF vehicle that was at a complete stop in the left through lane of southbound Louisiana Highway 3138.

IV.

At all material times herein, Defendant DIONNIS GUEVARA-FIGUERDO, was operating the 2015 Volvo tractor trailer in the course and scope of his employment with Defendant, DGF TRANSPORT LLC.

V.

Plaintiff shows that the crash was caused by the negligence of the Defendant, DIONNIS GUEVARA-FIGUERDO, which negligence is imputed to his employer and Defendant, DGF TRANSPORT LLC, which negligence consists of the following non-exclusive particulars:

    a.    In the careless operation of a motor vehicle;

    b.    In failing to see what he should have seen;

    c.    In negligently changing lanes and colliding into the GAUFF vehicle;

    d.    In driving inattentively; and

    e.    All those other acts of negligence known only to the Defendants, DIONNIS GUEVARA-FIGUERDO and DGF TRANSPORT LLC.

VI.

On the date of the crash, there was in full force and effect a policy of insurance issued by Defendant, PROGRESSIVE SECURITY INSURANCE COMPANY to Defendants, DIONNIS GUEVARA-FIGUERDO and DGF TRANSPORT LLC, which policy of insurance affords coverage for the type of crash sued upon herein.

VII.

As a result of the crash, Plaintiff, ERIC M. GAUFF, JR., was injured.

VIII.

As a result of the crash, the vehicle owned by Plaintiff, ERIC M. GAUFF, JR., was damaged.

IX.

As a result of the crash, Plaintiff, ERIC M. GAUFF, JR., sustained damages consisting of physical pain and suffering, past and future; mental, emotional and psychological pain and suffering, past and future; medical expenses, past and future; loss of enjoyment of life, past and future; permanent impairment; permanent disability; loss of wages, past and future; and all other damages to be proven at Trial in this matter

**WHEREFORE**, Plaintiff, ERIC M. GAUFF, JR., prays that after all legal delays and due proceedings had that there be Judgment herein in favor of Plaintiff, ERIC M. GAUFF, JR., and against the Defendants, PROGRESSIVE SECURITY INSURANCE COMPANY, DIONNIS GUEVARA-FIGUERDO and DGF TRANSPORT LLC, jointly and *in solido*, in an amount to be set by this Honorable Court, together with legal interest thereon from date of judicial demand, until paid, and for all costs of these proceedings.

Respectfully submitted,

FAVRET, DEMAREST, RUSSO,
LUTKEWITTE & SCHAUMBURG

DEAN J. FAVRET, Bar #20186
ANGELA C. IMBORNONE, Bar #19631
SETH H. SCHAUMBURG, Bar #24636
ANTHONY J. RUSSO, Bar #8806
LAUREN A. FAVRET, Bar #33826
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
Telephone: (504) 561-1006; Facsimile: (504) 523-0699
Email: dean@favretlaw.com;
Email: angela@favretlaw.com
Attorneys for Plaintiff

**PLEASE SERVE**

**PLEASE SEE NEXT PAGE FOR SERVICE INSTRUCTIONS**

3

PLEASE SERVE:

PROGRESSIVE SECURITY INSURANCE COMPANY
THROUGH THE LOUISIANA SECRETARY OF STATE
8585 ARCHIVES AVENUE
BATON ROUGE, LA  70809


THROUGH THE LOUISIANA LONG ARM STATUTE
DIONNIS GUEVARA-FIGUERDO
2562 W.  BERRY STREET
ODESSA, TEXAS 79766

THROUGH THE LOUISIANA LONG ARM STATUTE
DGF TRANSPORT LLC
2562 W. BERRY STREET
ODESSA, TEXAS 79766

40TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. JOHN THE BAPTIST

STATE OF LOUISIANA

CIVIL ACTION NO. 77169                          DIVISION " "C

Eliana DeFrancesch - Clerk of Court          ERIC M. GAUFF, JR.
Filed: Oct 01, 2021 3:16 PM

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖                              -versus-
        134649763

PROGRESSIVE SECURITY INSURANCE COMPANY,
DIONNIS GUEVARA-FIGUERDO AND DGF TRANSPORT LLC

FILED: _____          _____

                                          DEPUTY CLERK

INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS

TO:   PROGRESSIVE SECURITY INSURANCE COMPANY
      Through the Secretary of State
      State of Louisiana
      8585 Archives Avenue
      Baton Rouge, Louisiana 70809

Plaintiff, **ERIC M. GAUFF, JR.**, directs the following Interrogatories and Request

for Production of Documents to defendant, **PROGRESSIVE SECURITY INSURANCE**

**COMPANY**, to be answered under oath within the delays provided by the *Louisiana*

*Code of Civil Procedure.*

INTERROGATORY NO. 1:

For each policy of insurance providing insurance coverage for the incident/crash

involved in this suit state:

a.    The name of the insurer;

b.    The limits of coverage for liability, UM, med pay, property damage and

      property damage liability;

c.    Whether you deny coverage or assert any exclusions; if your answer is

      yes, the factual basis for your denial of coverage or assertion of exclusions;

d.    Identify any umbrella or excess policies of insurance along with name of

      insurer and limits of coverage.

1

**INTERROGATORY NO. 2:**

State your insured's version of the incident/crash at issue.

**INTERROGATORY NO. 3:**

Do you allege that plaintiff was at fault in causing the crash? If your answer is yes, state the factual basis for any allegation that plaintiff was at fault or contributed to the crash.

**INTERROGATORY NO. 4:**

List each and every defense you allege to plaintiff's claims for bodily injury, medical expenses, property damage, loss of income, disability, scarring, mental anguish, loss of consortium or any other claim for damages made by plaintiff. For each defense you list, state the factual basis on which you assert this defense.

**INTERROGATORY NO. 5:**

State whether DIONNIS GUEVARA-FIGUERDO, was employed at the time of the incident/crash and, if so, whether the incident/crash occurred while he was on duty or performing a job related function.

**INTERROGATORY NO. 6:**

List any and all restrictions that you are aware of that DIONNIS GUEVARA-FIGUERDO has affecting his ability to drive or in connection with his license to drive, including any restrictions on his eyesight, movement, mental condition, medical condition, or any other conditions which would restrict or affect his driving.

**INTERROGATORY NO. 7:**

List and describe each and every other vehicular crash that you have knowledge of that DIONNIS GUEVARA-FIGUERDO has ever been involved in as a driver providing the date, location and how the crash occurred.

**INTERROGATORY NO. 8:**

State whether DIONNIS GUEVARA-FIGUERDO received a citation for the incident/crash at issue and, if so, whether he paid the citation and, if not, how it was resolved.

INTERROGATORY NO. 9:

List each and every arrest, plea or conviction that you are aware of that DIONNIS GUEVARA-FIGUERDO has been involved in or has incurred in the past.

INTERROGATORY NO. 10:

State the name of every person or entity which you know has any information, or may testify, or has contacted you regarding this case in connection with the following issues:

For each **PERSON OR ENTITY** state (1) address, employment, phone number; (2) whether they will be called as a witness at trial; and (3) provide a detailed factual description of the information they possess or the testimony they will be providing.

a.   Insurance coverage in effect providing coverage to you or your insured and any asserted exclusions or denial of coverage;

b.   Any property damage involving any of the vehicles involved in this suit, the appraisal of property damage, estimates, photographs, repair and payment of property damage;

c.   The adjuster assigned to handle this claim and any appraiser or independent adjustment company assigned to evaluate bodily injury, property damage, med pay or any other claim for payment;

d.   Relating to the incident/crash and its occurrence, including eyewitnesses, its investigation, investigative officers, crash reconstruction, or other information concerning the crash and the cause of it;

e.   Regarding plaintiff's bodily injury claim or any assertion by you that plaintiff's injuries, in whole or in part, were not caused by the crash at issue;

f.   Regarding plaintiff's claim for loss of income and any assertion by you that plaintiff has not lost all or a part of his income or will not lose income in the future as a result of this incident;

g.   Any information regarding any allegation by you that plaintiff's own negligence caused or contributed to the crash at issue.

<u>INTERROGATORY NO. 11:</u>

Describe every **DOCUMENT OR THING** which you know has any information in connection with the following issues:

For each **DOCUMENT OR THING** include: (1) each and every photograph, video, writing, notation, radiographic film, thing, exhibit or any other item of evidence; (2) describe it by its title or a description of it; and (3) state who has possession of it.

a.   Insurance coverage in effect providing coverage to you or your insured and any asserted exclusions or denial of coverage;

b.   Any property damage involving any of the vehicles involved in this suit, the appraisal of property damage, estimates, photographs, repair and payment of property damage;

c.   The adjuster assigned to handle this claim and any appraiser or independent adjustment company assigned to evaluate bodily injury, property damage, med pay, or any other claim for payment;

d.   Relating to the incident/crash and its occurrence, including eyewitnesses, its investigation, investigative officers, crash reconstruction, or other information concerning the crash and the cause of it;

e.   Regarding plaintiff's bodily injury claims or any assertion by you that plaintiff's injuries, in whole or in part, were not caused by the crash at issue;

f.   Regarding plaintiff's claim for loss of income and any assertion by you that plaintiff has not lost all or a part of his income or will not lose income in the future as a result of this incident;

g.   Any information regarding any allegation by you that plaintiff's own negligence caused or contributed to the crash at issue.

4

INTERROGATORY NO. 12:

State whether you or your attorney or any third party have in your possession any still photographs or video surveillance tapes of plaintiff, ERIC M. GAUFF, JR., and, if so, state:

    a.    The date that all photographs and/or video surveillance were taken;

    b.    The name, address and telephone number of any and all individuals who took the photographs and/or filmed the surveillance video;

    c.    All locations in which any of the above listed plaintiff was photographed and/or under video surveillance.

INTERROGATORY NO. 13:

Please list the last known address and telephone number of DIONNIS GUEVARA-FIGUERDO and the date of the last contact between you and DIONNIS GUEVARA-FIGUERDO.

INTERROGATORY NO. 14:

Please state the name, address and telephone number of the registered owner of the vehicle involved in the subject crash.

INTERROGATORY NO. 15:

Please state whether DIONNIS GUEVARA-FIGUERDO was driving the vehicle involved in the subject crash with the full knowledge, consent and permission of the owner of the vehicle insured by your company.

INTERROGATORY NO. 16:

Please state whether DIONNIS GUEVARA-FIGUERDO was in the course and scope of any employment at the time of the subject crash and, if so, please state the name, address and telephone of his employer.

INTERROGATORY NO. 17:

With respect to any expert witness you expect to call at trial, please:

a. Give a complete statement of all opinions to be expressed and the basis of reasons therefore;

b. Identify the data or other information considered by the witness informing the opinions;

c. Describe and produce any exhibits to be used as a summary of or support for the opinions;

d. State the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten (10) years (please produce a current curriculum vitae if available);

e. Describe the compensation to be paid for the study and testimony/testimonies;

f. Provide a listing (by jurisdiction, caption, and case number if available) of any other cases in which the witness testified as an expert at trial or by deposition within the preceding four (4) years, indicating the side or party for whom the witness testified and the attorney representing such party;

g. State the number of cases on which the witness has previously consulted with the counsel or firm retaining that expert in this case, and identify the case/cases if the testimony occurred within the last four (4) years;

h. State the number of cases in which the witness has previously testified in that position, hearing or trial on behalf of a party represented by the counsel or firm retaining that expert in this case, and identify the case/cases if the testimony occurred within the last four (4) years;

i. Provide a listing of any medical, professional or technical literature that the witness has read in connection with this case;

j.     Provide a listing of the books in the witness' possession or control

that relate to the subject matter of the witness' testimony;

k.     Provide a listing of the professional journals to which the witness

has subscribed during the past four (4) years; and

l.     State whether the expert knows the party/parties on whose behalf

the expert is testifying and describe any personal, professional or

social relationship between the expert and such party.

## INTERROGATORY NO. 18:

List the name, address and telephone number of all individuals who gave an

audio recorded statement, and the name, address and telephone number of all adjusters

who took audio recorded statements of any witness or party involving the subject crash.

## REQUEST FOR PRODUCTION OF DOCUMENTS

## REQUEST FOR PRODUCTION NO. 1:

Produce each and every:

a.     Document, photograph, video, writing, notation, radiographic film, thing,

exhibit, or any other item of evidence referred in your answers to the

preceding Interrogatories.   For every photograph, slide or illustration,

please attach a color copy.   (Your reasonable reproduction cost for color

copies will be immediately paid by counsel upon receipt of invoice.)

b.     Any document or evidence which you intend to produce as an exhibit at

the trial of this case;

c.     A certified copy of all policies of insurance in existence at the time of the

incident/crash   providing   applicable   insurance   coverage   for   the

incident/crash involved in this suit;

d.     Any other document, photograph, video, writing, notation, radiographic

film, thing, exhibit or any other item of evidence having any information

pertaining to plaintiff's claims, defendants' defenses, any counter claim or any other claim in this suit in your possession.

## REQUEST FOR PRODUCTION NO. 2:

Produce duplicate photographs and duplicate videos depicting any and all photographs and video surveillance of plaintiff, ERIC M. GAUFF, JR.

## REQUEST FOR PRODUCTION NO. 3:

Produce audio recorded statements pursuant to *Landis v. Moreau, 779 So2d 691 (La. 2001)*.

## REQUEST FOR PRODUCTION NO. 4:

Produce transcripts of all recorded statements of any witness of party related to the subject crash pursuant to *Landis v. Moreau, 779 So2d 691 (La. 2001)*.

## REQUEST FOR PRODUCTION NO.5:

Produce copies of all transcripts and all written statements prepared by any individual with knowledge concerning the subject crash.

## REQUEST FOR PRODUCTION NO. 6:

Produce a copy of DIONNIS GUEVARA-FIGUERDO's driver's license.

## REQUEST FOR PRODUCTION NO. 7:

Regarding the experts listed in your Answer to Interrogatory No. 17, please produce the following documents:

a.    All documents provided to any expert witness whom you expect to call at trial, including records, reports, literature, memoranda, or any other documents prepared by you or your attorney;

b.    All records of attendance and continuing medical education courses for the witness for the previous (5) years;

c.    The witness' most recent curriculum vitae;

d.    Any literature file maintained by the witness of articles, treatises, pamphlets, and the like concerning any subjects related to this litigation;

e.   Any articles, treatises, books, speeches, or other writings, whether published or unpublished, that the witness has or delivered on the topic for which the witness is testifying in this matter;

f.   Transcripts of any testimony the witness has given in any case as an expert witness on any topic;

g.   All transcripts and/or testimony, whether by deposition or in court, given by the witness in any case in which the witness was a defendant concerning any issues relevant to this case;

h.   All medical literature, articles, treatises, pamphlets, videotapes, educational materials of any kind, or instructions used or relied upon the witness concerning the IME performed on plaintiff; and

i.   As to each expert witness whom you expect to call at trial:

    1.   All documents provided to such experts in connection with this case, including records, reports, literature, memoranda, and/or any other documents;

    2.   Any records, reports, notes, memoranda, bills, correspondence, or any other documents prepared by any expert witness in connection with this case;

    3.   Copies of any manuscripts, drafts, galleys, outlines, slides and the like, concerning any oral or written presentations made by the expert on any subject relevant to this case which are not in the public domain;

    4.   Transcripts of any deposition(s) or trail testimony in the expert's possession or control on any subject relevant to this case;

    5.   A current CV for each such expert; and

9

6.    Any exhibits prepared by or with the assistance of the

expert which are intended to illustrate aspects of the

expert's testimony.

REQUEST FOR PRODUCTION NO. 8:

Pursuant to the *Louisiana Code of Civil Procedure Article 1458*, the attached

Verification, signed and notarized.

**THESE INTERROGATORIES AND REQUEST FOR PRODUCTION OF**

**DOCUMENTS ARE DEEMED CONTINUING AND SHOULD BE SUPPLEMENTED**

**REASONABLY IF AND WHEN YOU OR YOUR AGENT ARE IN POSSESSION OF**

**PHOTOGRAPHIC SURVEILLANCE OR VIDEO SURVEILLANCE.**

Respectfully submitted,

FAVRET, DEMAREST, RUSSO,
LUTKEWITTE & SCHAUMBURG
A Professional Law Corporation

DEAN J. FAVRET, Bar #20186
ANTHONY J. RUSSO, Bar #8806
SETH H. SCHAUMBURG, Bar #24636
ANGELA C. IMBORNONE, Bar #19631
LAUREN A. FAVRET, Bar #33826
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
Telephone: (504) 561-1006
Facsimile: (504) 523-0699
Email: dean@favretlaw.com
Email: angela@favretlaw.com
Attorneys for Plaintiff

**PLEASE SERVE:**

**PROGRESSIVE SECURITY INSURANCE COMPANY**
Through the Secretary of State
State of Louisiana
8585 Archives Avenue
Baton Rouge, LA 70809

10

<u>VERIFICATION</u>

STATE OF _____

PARISH OF _____

**BEFORE ME,** the undersigned authority, personally came and appeared:

**PROGRESSIVE SECURITY INSURANCE COMPANY**
**Through its undersigned representative,**

who, after being duly sworn, did depose and state that he/she has read the foregoing

Answers to Interrogatories and Responses to Request for Production of Documents and

that same are true and correct according to his/her information, knowledge and belief.

**PROGRESSIVE SECURITY INSURANCE COMPANY**

**By:** _____

**Printed Name:** _____

**Title:** _____

Sworn to and subscribed before me
this _____ day of _____, 2021.

_____
NOTARY PUBLIC
NOTARY I.D. # _____

11

40TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. JOHN THE BAPTIST

STATE OF LOUISIANA

CIVIL ACTION NO. 77169                                    DIVISION " "C

Eliana DeFrancesch - Clerk of Court
Filed: Oct 01, 2021 3:16 PM

134649755

ERIC M. GAUFF, JR.

-versus-

PROGRESSIVE SECURITY INSURANCE COMPANY, DIONNIS GUEVARA-
FIGUERDO AND DGF TRANSPORT LLC

FILED: _____        _____
                                                   DEPUTY CLERK

## INTERROGATORIES AND
## REQUEST FOR PRODUCTION OF DOCUMENTS

TO:     **DIONNIS GUEVARA-FIGUERDO**
        **2562 W. BERRY STREET**
        **ODESSA, TEXAS 79766**

COMES NOW, Plaintiff, **ERIC M. GAUFF, JR.**, through undersigned counsel, and directs the following Interrogatories and Request for Production of Documents to defendant, **DIONNIS GUEVARA-FIGUERDO**, to be answered under oath within the delays provided by the *Louisiana Code of Civil Procedure*:

INTERROGATORY NO. 1:

For each policy of insurance providing insurance coverage for the incident/accident involved in this suit state:

    a.  The name of the insurer;

    b.  The limits of coverage for liability, UM, med pay, property damage and property damage liability;

    c.  Whether you deny coverage or assert any exclusions; if your answer is yes, the factual basis for your denial of coverage or assertion of exclusions; and

    d.  Identify any umbrella or excess policies of insurance along with name of insurer and limits of coverage.

INTERROGATORY NO. 2:

State your version of the incident/accident at issue.

INTERROGATORY NO. 3:

Do you allege that plaintiff was at fault in causing the accident?  If your answer is yes, state the factual basis for any allegation that plaintiff was at fault or contributed to the accident.

INTERROGATORY NO. 4:

List each and every defense you allege to plaintiff's claims for bodily injury, medical expenses, property damage, loss of income, disability, scarring, mental anguish, loss of consortium or any other claim for damages made by plaintiff.  For each defense you list, state the factual basis on which you assert this defense.

INTERROGATORY NO. 5:

State whether you were employed at the time of the incident/accident and, if so, state the name, address and telephone number of your employer and state whether the incident/accident occurred while you were on duty or performing a job related function.

INTERROGATORY NO. 6:

List any and all restrictions that you are aware of that you have affecting your ability to drive or in connection with your license to drive, including any restrictions on your eyesight, movement, mental condition, medical condition, or any other conditions which would restrict or affect your driving.

INTERROGATORY NO. 7:

List and describe each and every other vehicular accident that you have knowledge of that you have ever been involved in as a driver providing the date, location and how the accident occurred.

INTERROGATORY NO. 8:

State whether you received a citation for the incident/accident at issue and, if so, whether you paid the citation and, if not, how it was resolved.

INTERROGATORY NO. 9:

List each and every arrest, plea or conviction that you are aware of that you have been involved in or have incurred in the past.

<u>INTERROGATORY NO. 10:</u>

State the name of every <u>person or entity</u> which you know has any information, or may testify, or has contacted you regarding this case in connection with the following issues:

For each **PERSON OR ENTITY** state (1) address, employment, phone number; (2) whether they will be called as a witness at trial; and (3) provide a detailed factual description of the information they possess or the testimony they will be providing.

   a. Insurance coverage in effect providing coverage to you or your insured and any asserted exclusions or denial of coverage;

   b. Any property damage involving any of the vehicles involved in this suit, the appraisal of property damage, estimates, photographs, repair and payment of property damage;

   c. The adjuster assigned to handle this claim and any appraiser or independent adjustment company assigned to evaluate bodily injury, property damage, med pay or any other claim for payment;

   d. Relating to the incident/accident and its occurrence, including eyewitnesses, its investigation, investigative officers, accident reconstruction, or other information concerning the accident and the cause of it;

   e. Regarding plaintiff's bodily injury claim or any assertion by you that plaintiff's injuries, in whole or in part, were not caused by the accident at issue;

   f. Regarding plaintiff's claim for loss of income and any assertion by you that plaintiff has not lost all or a part of his income or will not lose income in the future as a result of this incident;

   g. Any information regarding any allegation by you that plaintiff's own negligence caused or contributed to the accident at issue.

<u>INTERROGATORY NO. 11:</u>

Describe every **DOCUMENT OR THING** which you know has any information in connection with the following issues:

For each **DOCUMENT OR THING** include: (1) each and every photograph, video, writing, notation, radiographic film, thing, exhibit or any other item of evidence; (2) describe it by its title or a description of it; and (3) state who has possession of it.

    a. Insurance coverage in effect providing coverage to you or your insured and any asserted exclusions or denial of coverage;

    b. Any property damage involving any of the vehicles involved in this suit, the appraisal of property damage, estimates, photographs, repair and payment of property damage;

    c. The adjuster assigned to handle this claim and any appraiser or independent adjustment company assigned to evaluate bodily injury, property damage, med pay, or any other claim for payment;

    d. Relating to the incident/accident and its occurrence, including eyewitnesses, its investigation, investigative officers, accident reconstruction, or other information concerning the accident and the cause of it;

    e. Regarding plaintiff's bodily injury claim or any assertion by you that plaintiff's injuries, in whole or in part, were not caused by the accident at issue;

    f. Regarding plaintiff's claim for loss of income and any assertion by you that plaintiff has not lost all or a part of her income or will not lose income in the future as a result of this incident; and

    g. Any information regarding any allegation by you that plaintiff's own negligence caused or contributed to the accident at issue.

<u>INTERROGATORY NO. 12:</u>

State whether you or your attorney or any third party have in your possession any still photographs or video surveillance tapes of plaintiff, **ERIC M. GAUFF, JR.**, and, if so, state:

    a. The date that all photographs and/or video surveillance were taken;

    b. The name, address and telephone number of any and all individuals who took the photographs and/or filmed the surveillance video; and

c. All locations in which any of the above listed plaintiff was photographed and/or under video surveillance.

## INTERROGATORY NO. 13:

Please state the name, address and telephone number of the registered owner of the vehicle involved in the subject accident.

## INTERROGATORY NO. 14:

Please state whether you were driving the vehicle involved in the subject accident with the full knowledge, permission and consent of the registered owner of the vehicle involved in the subject accident.

## INTERROGATORY NO. 15:

List the name, address and telephone number of all individuals who gave an audio recorded statement, and the name, address and telephone number of all adjusters who took audio recorded statements of any witness or party involving the subject accident.

## **REQUEST FOR PRODUCTION OF DOCUMENTS**

## REQUEST FOR PRODUCTION NO. 1:

Produce each and every:

a. Document, photograph, video, writing, notation, radiographic film, thing, exhibit, or any other item of evidence referred in your answers to the preceding Interrogatories. For every photograph, slide or illustration, please attach a color copy. (Your reasonable reproduction cost for color copies will be immediately paid by counsel upon receipt of invoice.)

b. Any document or evidence which you intend to produce as an exhibit at the trial of this case;

c. A certified copy of all policies of insurance in existence at the time of the incident/accident providing applicable insurance coverage for the incident/accident involved in this suit;

d. Any other document, photograph, video, writing, notation, radiographic film, thing, exhibit or any other item of evidence having any information pertaining

to plaintiff's claims, defendants' defenses, any counter claim or any other claim in this suit in your possession.

REQUEST FOR PRODUCTION NO. 2:

Produce duplicate photographs and duplicate videos depicting any and all photographs and video surveillance of plaintiff, **ERIC M. GAUFF, JR.**

REQUEST FOR PRODUCTION NO. 3:

Produce a copy of your driver's license.

REQUEST FOR PRODUCTION NO. 4:

Produce audio recorded statements pursuant to *Landis v. Moreau, 779 So2d 691 (La. 2001).*

REQUEST FOR PRODUCTION NO. 5:

Produce transcripts of all recorded statements of any witness of party related to the subject accident pursuant to *Landis v. Moreau, 779 So2d 691 (La. 2001).*

REQUEST FOR PRODUCTION NO. 6:

Produce copies of all transcripts and all written statements prepared by any individual with knowledge concerning the subject accident.

REQUEST FOR PRODUCTION NO. 7:

Produce any and all exhibits listed, described, referred to and requested to be produced in answering the preceding set of Interrogatories.

REQUEST FOR PRODUCTION NO. 8.

Pursuant to the *Louisiana Code of Civil Procedure Article 1458,* the attached Verification, signed and notarized.

**THESE INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS ARE DEEMED CONTINUING AND SHOULD BE SUPPLEMENTED REASONABLY IF AND WHEN YOU OR YOUR AGENT ARE IN POSSESSION OF PHOTOGRAPHIC SURVEILLANCE OR VIDEO SURVEILLANCE.**

Respectfully submitted,

FAVRET, DEMAREST, RUSSO,
LUTKEWITTE & SCHAUMBURG

A Professional Law Corporation

_____
DEAN J. FAVRET, Bar #20186
SETH H. SCHAUMBURG, Bar #24636
ANTHONY J. RUSSO, Bar #8806
ANGELA C. IMBORNONE, Bar #19631
LAUREN A. FAVRET, Bar #33826
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
Telephone: (504) 561-1006
Facsimile: (504) 523-0699
Email: dean@favretlaw.com
Email: angela@favretlaw.com
Attorneys for Plaintiff

**PLEASE SERVE:**

**DIONNIS GUEVARA-FIGUERDO**
**2562 W. BERRY STREET**
**ODESSA, TEXAS 79766**

## VERIFICATION

STATE OF _____

PARISH OF _____

      BEFORE ME, the undersigned authority, personally came and appeared:

**DIONNIS GUEVARA-FIGUERDO**

who, after being duly sworn, did depose and state that he has read the foregoing Answers

to Interrogatories and Responses to Request for Production of Documents and that same

are true and correct according to his information, knowledge and belief.


                         _____
                         **DIONNIS GUEVARA-FIGUERDO**


Sworn to and subscribed before me
this _____ day of _____, 2021.


_____
NOTARY PUBLIC
NOTARY I.D. #: _____

40TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. JOHN THE BAPTIST

STATE OF LOUISIANA

CIVIL ACTION NO. 77169                                  DIVISION " " C

**Eliana DeFrancesch - Clerk of Court**
Filed: Oct 01, 2021  3:16 PM                    **ERIC M. GAUFF, JR.**

134649748                              -versus-

**PROGRESSIVE SECURITY INSURANCE COMPANY, DIONNIS GUEVARA-
FIGUERDO AND DGF TRANSPORT LLC**

FILED: _____          _____
                                                    DEPUTY CLERK

**INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS**

TO:     **DGF TRANSPORT LLC
        2562 W. BERRY STREET
        ODESSA, TEXAS 79766**

COMES NOW, Plaintiff, ERIC M. GAUFF, JR., through undersigned counsel, and

directs the following Interrogatories and Request for Production of Documents to

defendant, DGF TRANSPORT LLC, to be answered under oath within the delays

provided by the *Louisiana Code of Civil Procedure*:

INTERROGATORY NO. 1:

For each policy of insurance providing insurance coverage for the

incident/accident involved in this suit state:

a.     The name of the insurer;

b.     The limits of coverage for liability, UM, med pay, property damage

       and property damage liability;

c.     Whether you deny coverage or assert any exclusions; if your answer

       is yes, the factual basis for your denial of coverage or assertion of

       exclusions; and

d.     Identify any umbrella or excess policies of insurance along with

       name of insurer and limits of coverage.

INTERROGATORY NO. 2:

State the version of the accident as related to DGF TRANSPORT LLC.

INTERROGATORY NO. 3:

Do you allege that plaintiff was at fault in causing the accident?  If your answer is yes, state the factual basis for any allegation that plaintiff was at fault or contributed to the accident.

INTERROGATORY NO. 4:

List each and every defense you allege to plaintiff's claims for bodily injury, medical expenses, property damage, loss of income, disability, scarring, mental anguish, loss of consortium or any other claim for damages made by plaintiff. For each defense you list, state the factual basis on which you assert this defense.

INTERROGATORY NO. 5:

State whether DIONNIS GUEVARA-FIGUERDO was in the employ of DGF TRANSPORT LLC, at the time of the subject accident and, if so, whether the accident occurred while the said DIONNIS GUEVARA-FIGUERDO was on duty or performing a job related function.

INTERROGATORY NO. 6:

If the said DIONNIS GUEVARA-FIGUERDO was not employed by DGF TRANSPORT LLC, at the time of the accident, please state the name of the company or companies by whom he was employed and state whether or not he was in the course and scope of his employment with said company or companies at the time of the subject accident.

INTERROGATORY NO. 7:

Please describe each and every other vehicle accident reported to you by the said DIONNIS GUEVARA-FIGUERDO where DIONNIS GUEVARA-FIGUERDO was involved as a driver, providing the date, location and a description of how the accident occurred.

INTERROGATORY NO. 8:

State whether DIONNIS GUEVARA-FIGUERDO received a citation for the accident at issue and, if so, whether said citation was paid and, if not, how same was resolved.

**INTERROGATORY NO. 9:**

List any and all restrictions that you are aware of that DIONNIS GUEVARA-FIGUERDO has affecting his ability to drive or in connection with his license to drive, including any restrictions on his eyesight, movement, mental condition, medical condition, or any other conditions which would restrict or affect his driving.

**INTERROGATORY NO. 10:**

List each and every arrest, plea or conviction that you are aware of that DIONNIS GUEVARA-FIGUERDO has been involved in or has incurred in the past.

**INTERROGATORY NO. 11:**

Please list the last known address and telephone number of DIONNIS GUEVARA-FIGUERDO and the date of the last contact between DGF TRANSPORT LLC, and DIONNIS GUEVARA-FIGUERDO.

**INTERROGATORY NO. 12:**

Please state the name, address and telephone number of the registered owner of the vehicle involved in the subject accident.

**INTERROGATORY NO. 13:**

Please state whether DIONNIS GUEVARA-FIGUERDO was driving the vehicle involved in the subject accident with the full knowledge, consent and permission of the owner of the vehicle owned by your company.

**INTERROGATORY NO. 14:**

State the name of every <u>person or entity</u> which you know has any information, or may testify, or has contacted you regarding this case in connection with the following issues:

For each **PERSON OR ENTITY** state (1) address, employment, phone number; (2) whether they will be called as a witness at trial; and (3) provide a detailed factual description of the information they possess or the testimony they will be providing.

    a.    Insurance coverage in effect providing coverage to you or your insured and any asserted exclusions or denial of coverage;

b.   Any property damage involving any of the vehicles involved in this suit, the appraisal of property damage, estimates, photographs, repair and payment of property damage;

c.   The adjuster assigned to handle this claim and any appraiser or independent adjustment company assigned to evaluate bodily injury, property damage, med pay or any other claim for payment;

d.   Relating to the incident/accident and its occurrence, including eyewitnesses, its investigation, investigative officers, accident reconstruction, or other information concerning the accident and the cause of it;

e.   Regarding plaintiff's bodily injury claim or any assertion by you that plaintiff's injuries, in whole or in part, were not caused by the accident at issue;

f.   Regarding plaintiff's claim for loss of income and any assertion by you that plaintiff has not lost all or a part of his income or will not lose income in the future as a result of this incident; and

g.   Any information regarding any allegation by you that plaintiff's own negligence caused or contributed to the accident at issue.

INTERROGATORY NO. 15:

Describe every **DOCUMENT OR THING** which you know has any information in connection with the following issues:

For each **DOCUMENT OR THING** include: (1) each and every photograph, video, writing, notation, radiographic film, thing, exhibit or any other item of evidence; (2) describe it by its title or a description of it; and (3) state who has possession of it.

a.   Insurance coverage in effect providing coverage to you or your insured and any asserted exclusions or denial of coverage;

b.   Any property damage involving any of the vehicles involved in this suit, the appraisal of property damage, estimates, photographs, repair and payment of property damage;

c.   The adjuster assigned to handle this claim and any appraiser or independent adjustment company assigned to evaluate bodily injury, property damage, med pay, or any other claim for payment;

d.   Relating to the incident/accident and its occurrence, including eyewitnesses, its investigation, investigative officers, accident reconstruction, or other information concerning the accident and the cause of it;

e.   Regarding plaintiff's bodily injury claims or any assertion by you that plaintiff's injuries, in whole or in part, were not caused by the accident at issue;

f.   Regarding plaintiff's claim for loss of income and any assertion by you that plaintiff has not lost all or a part of his income or will not lose income in the future as a result of this incident; and

g.   Any information regarding any allegation by you that plaintiff's own negligence caused or contributed to the accident at issue.

INTERROGATORY NO. 16:

State whether you or your attorney or any third party have in your possession any still photographs or video surveillance tapes of plaintiff, ERIC M. GAUFF, JR., and, if so, state:

a.   The date that all photographs and/or video surveillance were taken;

b.   The name, address and telephone number of any and all individuals who took the photographs and/or filmed the surveillance video; and

c.   All locations in which any of the above listed plaintiff was photographed and/or under video surveillance.

INTERROGATORY NO. 17:

If the above referred to DIONNIS GUEVARA-FIGUERDO was employed by your company at the time of the accident, please state whether or not he is still employed by DGF TRANSPORT LLC, and, if not, please state the date of the termination and the reason or reasons for the termination.

INTERROGATORY NO. 18:

List the name, address and telephone number of all individuals who gave an audio recorded statement, and the name, address and telephone number of all adjusters who took audio recorded statements of any witness or party involving the subject accident.

## REQUEST FOR PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION NO. 1:

Produce each and every:

a.   Document, photograph, video, writing, notation, radiographic film, thing, exhibit, or any other item of evidence referred in your answers to the preceding Interrogatories.   For every photograph, slide or illustration, please attach a color copy.    (Your reasonable reproduction cost for color copies will be immediately paid by counsel upon receipt of invoice.)

b.   Any document or evidence which you intend to produce as an exhibit at the trial of this case;

c.   A certified copy of all policies of insurance in existence at the time of the incident/accident providing applicable insurance coverage for the incident/accident involved in this suit; and

d.   Any other document, photograph, video, writing, notation, radiographic film, thing, exhibit or any other item of evidence having any information pertaining to plaintiff's claims, defendants' defenses, any counter claim or any other claim in this suit in your possession.

REQUEST FOR PRODUCTION NO. 2:

Produce duplicate photographs and duplicate videos depicting any and all photographs and video surveillance of plaintiff, ERIC M. GAUFF, JR.

REQUEST FOR PRODUCTION NO. 3:

Produce a copy of DIONNIS GUEVARA-FIGUERDO'S driver's license.

REQUEST FOR PRODUCTION NO. 4:

Produce audio recorded statements pursuant to *Landis v. Moreau, 779 So.2d 691 (La. 2001)*.

REQUEST FOR PRODUCTION NO. 5:

Produce transcripts of all recorded statements of any witness of party related to the subject accident pursuant to *Landis v. Moreau, 779 So.2d 691 (La. 2001)*.

REQUEST FOR PRODUCTION NO. 6:

Produce copies of all transcripts and all written statements prepared by any individual with knowledge concerning the subject accident.

REQUEST FOR PRODUCTION NO. 7:

Produce any and all exhibits listed, described, referred to and requested to be produced in answering the preceding set of Interrogatories.

REQUEST FOR PRODUCTION NO. 8:

Pursuant to the *Louisiana Code of Civil Procedure Article 1458*, the attached Verification, signed and notarized.

**THESE INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS ARE DEEMED CONTINUING AND SHOULD BE SUPPLEMENTED REASONABLY IF AND WHEN YOU OR YOUR AGENT ARE IN POSSESSION OF PHOTOGRAPHIC SURVEILLANCE OR VIDEO SURVEILLANCE.**

Respectfully submitted,

FAVRET, DEMAREST, RUSSO,
LUTKEWITTE & SCHAUMBURG

A Professional Law Corporation

_____
DEAN J. FAVRET, Bar #20186
ANTHONY J. RUSSO, Bar #8806
SETH H. SCHAUMBURG, Bar #24636
ANGELA C. IMBORNONE, Bar #19631
LAUREN A. FAVRET, Bar #33826
1515 Poydras Street, Suite 1400
New Orleans, Louisiana 70112
Telephone: (504) 561-1006
Facsimile: (504) 523-0699
Email: dean@favretlaw.com
Email: angela@favretlaw.com
Attorneys for Plaintiff


**PLEASE SERVE:**

**THROUGH THE LOUISIANA LONG-ARM STATUTE**

DGF TRANSPORT LLC
2562 W. BERRY STREET
ODESSA, TEXAS 79766

## VERIFICATION

STATE OF _____

PARISH OF _____


**BEFORE ME**, the undersigned authority, personally came and appeared:

**DGF TRANSPORT LLC**
**Through his undersigned representative,**

who, after being duly sworn, did depose and state that he has read the foregoing Answers

to Interrogatories and Responses to Request for Production of Documents and that same

are true and correct according to his information, knowledge and belief.

**DGF TRANSPORT LLC**

**By:** _____

**Printed Name:** _____

**Title:** _____


SWORN TO AND SUBSCRIBED BEFORE ME
THIS _____ DAY OF _____, 2021.


_____
NOTARY PUBLIC
NOTARY I.D. # _____

D55657480

D55657480

# CITATION

ERIC M. GAUFF JR
   VS
PROGRESSIVE SECURITY
INSURANCE COMPANY, ET AL
DOCKET NUMBER: C-77169

40TH JUDICIAL DISTRICT COURT
PARISH OF ST.JOHN THE BAPTIST
STATE OF LOUISIANA

DIVISION: C

---

To:  **PROGRESSIVE SECURITY INSURANCE COMPANY**
   **THROUGH THE LOUISIANA SECRETARY OF STATE**
   **8585 ARCHIVES AVENUE**
   **BATON ROUGE, LA  70809**

Parish: E. BATON ROUGE

You are hereby summoned to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing an Answer or other pleading to said Petition, in the Fortieth Judicial District Court in and for the Parish of St. John the Baptist, State of Louisiana, within fifteen (15) days after the service hereof, under penalty of default.

This service was ordered by **DEAN J. FAVRET, ESQ.** and was issued by the Clerk of Court on the **OCTOBER 11, 2021.**

* Also attached are the following documents:
**PETITION FOR DAMAGES**

*ANDRENESE L.M. THOMAS*
Deputy Clerk of Court for
Eliana DeFrancesch, Clerk of Court

RECEIVED ON THE _____ DAY OF _____, 20____ AND ON THE _____ DAY OF _____, 20____ SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS DOMICILE IN THE PARISH IN THE HANDS OF _____, A PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE.

RETURNED: PARISH OF _____ THIS _____ DAY OF _____, 20____.

SERVICE $_____   BY:_____
MILEAGE $_____      DEPUTY SHERIFF
TOTAL  $_____

ORIGINAL – RETURN   COPY – SERVICE   COPY - CLERK

I made service on the named party through the Office of the Secretary of State on

OCT 20 2021

by tendering a copy of this document to:
JULIE NESBITT

DY. E. CUMMINS #1155
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

Eliana DeFrancesch - Clerk of Court
Filed: Oct 29, 2021 11:32 AM

134700038

## Favret, Demarest, Russo, Lutkewitte & Schaumburg

A Professional Law Corporation
Suite 1400
1515 Poydras Street
New Orleans, Louisiana 70112
(504) 561-1006
Telecopier (504) 523-0699

Anthony J. Russo
Thomas J. Lutkewitte
Dean J. Favret
Seth H. Schaumburg
Angela C. Imbornone
Conor T. Lutkewitte
Lauren A. Favret

Of Counsel
Charles A. Imbornone

Clarence F. Favret, Sr.
1896-1988

J. Paul Demarest
1942-2007

Marshall J. Favret
1935-2014

Writer's e-mail address:
dean@favretlaw.com

December 8, 2021

**VIA FIRST CLASS MAIL**
CLERK OF COURT, 40TH JUDICIAL DISRICT COURT
FOR THE PARISH OF ST. JOHN THE BAPTIST
P.O. BOX 280
EDGARD, LA 70049

**Eliana DeFrancesch - Clerk of Court**
Filed: Dec 13, 2021  11:52 AM

134756378

RE:    Eric M. Gauff, Jr. v. Progressive Security Ins. Co., et al
       40th JDC, Civil Action No. 77169 "C"
       Parish of St. John the Baptist

Dear Sir/Madam:

Enclosed please find an original and 2 copies of a First Amending Petition for Damages which we would appreciate your filing into the record, and forwarding to Judge Snowdy for his signature.

Also enclosed are 2 Affidavits of Service which we would appreciate your filing into the record in the above-referenced matter. We have enclosed a self-addressed stamped envelope to receive conformed copies. Additionally, our firm check in the amount of $376.00 is enclosed to cover the Court costs.

Thank you for your kind assistance.

Yours very truly,

FAVRET, DEMAREST, RUSSO,
LUTKEWITTE & SCHAUMBURG

DEAN J. FAVRET

DJF/st
Enclosures
Nat G. Kiefer, Esq. (w/encl. nkie@kieferlaw.com)

ERIC M. GAUFF, JR.

VERSUS

PROGRESSIVE SECURITY
INSURANCE COMPANY, ET AL
DOCKET NO. 77169

40TH JUDICIAL DISTRICT COURT

PARISH OF ST. JOHN THE BAPTIST

STATE OF LOUISIANA

DIVISION "C"

---

## FIRST AMENDING PETITION FOR DAMAGES

---

NOW INTO COURT, through undersigned counsel, comes Plaintiff, ERIC M.

GAUFF, JR., of age and domiciled in the Parish of St. Charles, State of Louisiana,

respectfully desire to amend the original Petition for Damages as follows:

1.

By amending the caption of the original Petition for Damages to state as follows:

"ERIC M. GAUFF, JR.

-versus-

PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY,
DIONNIS GUEVARA-FIGUERDO AND DGF TRANSPORT LLC"

2.

By amending the original Petition for Damages by substituting Paragraph I a. to

state as follows:

"I a.      PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY, a
foreign insurer not authorized but doing business in the State of
Louisiana."

3.

By amending paragraph VI. to state as follows:

"VI.

On the date of the crash, there was in full force and effect a policy of insurance

issued by Defendant, PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY to

Defendants, DIONNIS GUEVARA-FIGUERDO and DGF TRANSPORT LLC, which

policy of insurance affords coverage for the type of crash sued upon herein.

Eliana DeFrancesch - Clerk of Court
Filed: Dec 13, 2021 11:52 AM

134762400

4.

PETITIONER renews and reiterates all of the allegations set forth in the original Petition for Damages as amended herein.

5.

Petitioner desires to amend the prayer of the original Petition for Damages to state as follows:

"**WHEREFORE**, Plaintiff prays that after all legal delays and due proceedings had that there be Judgment herein in favor of Plaintiff, ERIC M. GAUFF, JR., and against the Defendants, PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY, DIONNIS GUEVARA-FIGUERDO and DGF TRANSPORT LLC, jointly and *in solido*, in an amount to be set by this Honorable Court, together with legal interest thereon from date of judicial demand, until paid, and for all costs of these proceedings."

**WHEREFORE**, plaintiff prays:

1.   For leave of Court to file this First Amending Petition;

2.   That after all legal delays and due proceedings had that there be Judgment herein in favor of Plaintiff, ERIC M. GAUFF, JR., and against the Defendants, PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY, DIONNIS GUEVARA-FIGUERDO and DGF TRANSPORT LLC, jointly and *in solido*, in an amount to be set by this Honorable Court, together with legal interest thereon from date of judicial demand, until paid, and for all costs of these proceedings.

Respectfully submitted,

FAVRET, DEMAREST, RUSSO,
LUTKEWITTE & SCHAUMBURG

_____
DEAN J. FAVRET, Bar #20186
ANGELA C. IMBORNONE, Bar #19631
SETH H. SCHAUMBURG, Bar #24636
LAUREN A. FAVRET, Bar #33826
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
Telephone: (504) 561-1006; Facsimile: (504) 523-0699
Email: dean@favretlaw.com;
Email: angela@favretlaw.com
Attorneys for Plaintiff

2

| | |
|---|---|
| ERIC M. GAUFF, JR. | 40TH JUDICIAL DISTRICT COURT |
| VERSUS | PARISH OF ST. JOHN THE BAPTIST |
| PROGRESSIVE SECURITY INSURANCE COMPANY, ET AL DOCKET NO. 77169 | STATE OF LOUISIANA |
| | DIVISION "C" |

Eliana DeFrancesch - Clerk of Court
Filed: Dec 13, 2021  11:52 AM

|||||| 134762335

**ORDER**

Considering the above and foregoing;

**IT IS ORDERED** that the First Amending Petition for Damages be filed herein.

Laplace, Louisiana this the _____ day of _____, 2021.

_____
40th JUDICIAL DISTRICT COURT JUDGE

PLEASE SERVE THE ORIGINAL PETITION FOR DAMAGES AND THE FIRST AMENDING PETITION FOR DAMAGES:

**PROGRESSIVE COUNTY MUTUAL INS. CO. - PLEASE HOLD SERVICE**

PLEASE SERVE THE FIRST AMENDING PETITION FOR DAMAGES:
**PROGRESSIVE SECURITY INSURANCE COMPANY - PLEASE HOLD SERVICE**

THROUGH THE LOUISIANA LONG ARM STATUTE - PLEASE HOLD SERVICE
**DIONNIS GUEVARA-FIGUERDO**

THROUGH THE LOUISIANA LONG ARM STATUTE - PLEASE HOLD SERVICE
**DGF TRANSPORT LLC**

3

40TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. JOHN THE BAPTIST

STATE OF LOUISIANA

CIVIL ACTION NO. 77169                                   DIVISION "C"

ERIC M. GAUFF, JR.

-versus-

PROGRESSIVE SECURITY INSURANCE COMPANY,
DIONNIS GUEVARA-FIGUERDO AND DGF TRANSPORT LLC

FILED: _____        _____
                                                   DEPUTY CLERK

INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS

TO:   PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY
      Through the Secretary of State
      State of Louisiana
      8585 Archives Avenue
      Baton Rouge, LA  70809

Plaintiff, **ERIC M. GAUFF, JR.**, directs the following Interrogatories and Request

for Production of Documents to defendant, **PROGRESSIVE COUNTY MUTUAL**

**INSURANCE COMPANY**, to be answered under oath within the delays provided by

the *Louisiana Code of Civil Procedure.*

INTERROGATORY NO. 1:

For each policy of insurance providing insurance coverage for the incident/crash

involved in this suit state:

a.   The name of the insurer;

b.   The limits of coverage for liability, UM, med pay, property damage and

     property damage liability;

c.   Whether you deny coverage or assert any exclusions; if your answer is

     yes, the factual basis for your denial of coverage or assertion of exclusions;

d.   Identify any umbrella or excess policies of insurance along with name of

     insurer and limits of coverage.

1

**INTERROGATORY NO. 2:**

State your insured's version of the incident/crash at issue.

**INTERROGATORY NO. 3:**

Do you allege that plaintiff was at fault in causing the crash?  If your answer is yes, state the factual basis for any allegation that plaintiff was at fault or contributed to the crash.

**INTERROGATORY NO. 4:**

List each and every defense you allege to plaintiff's claims for bodily injury, medical expenses, property damage, loss of income, disability, scarring, mental anguish, loss of consortium or any other claim for damages made by plaintiff.  For each defense you list, state the factual basis on which you assert this defense.

**INTERROGATORY NO. 5:**

State whether DIONNIS GUEVARA-FIGUERDO, was employed at the time of the incident/crash and, if so, whether the incident/crash occurred while he was on duty or performing a job related function.

**INTERROGATORY NO. 6:**

List any and all restrictions that you are aware of that DIONNIS GUEVARA-FIGUERDO  has affecting his ability to drive or in connection with his license to drive, including any restrictions on his eyesight, movement, mental condition, medical condition, or any other conditions which would restrict or affect his driving.

**INTERROGATORY NO. 7:**

List and describe each and every other vehicular crash that you have knowledge of that DIONNIS GUEVARA-FIGUERDO has ever been involved in as a driver providing the date, location and how the crash occurred.

**INTERROGATORY NO. 8:**

State whether DIONNIS GUEVARA-FIGUERDO received a citation for the incident/crash at issue and, if so, whether he paid the citation and, if not, how it was resolved.

INTERROGATORY NO. 9:

List each and every arrest, plea or conviction that you are aware of that DIONNIS GUEVARA-FIGUERDO has been involved in or has incurred in the past.

INTERROGATORY NO. 10:

State the name of every person or entity which you know has any information, or may testify, or has contacted you regarding this case in connection with the following issues:

For each **PERSON OR ENTITY** state (1) address, employment, phone number; (2) whether they will be called as a witness at trial; and (3) provide a detailed factual description of the information they possess or the testimony they will be providing.

a.   Insurance coverage in effect providing coverage to you or your insured and any asserted exclusions or denial of coverage;

b.   Any property damage involving any of the vehicles involved in this suit, the appraisal of property damage, estimates, photographs, repair and payment of property damage;

c.   The adjuster assigned to handle this claim and any appraiser or independent adjustment company assigned to evaluate bodily injury, property damage, med pay or any other claim for payment;

d.   Relating to the incident/crash and its occurrence, including eyewitnesses, its investigation, investigative officers, crash reconstruction, or other information concerning the crash and the cause of it;

e.   Regarding plaintiff's bodily injury claim or any assertion by you that plaintiff's injuries, in whole or in part, were not caused by the crash at issue;

f.   Regarding plaintiff's claim for loss of income and any assertion by you that plaintiff has not lost all or a part of his income or will not lose income in the future as a result of this incident;

3

g.   Any information regarding any allegation by you that plaintiff's own negligence caused or contributed to the crash at issue.

INTERROGATORY NO. 11:

Describe every **DOCUMENT OR THING** which you know has any information in connection with the following issues:

For each **DOCUMENT OR THING** include: (1) each and every photograph, video, writing, notation, radiographic film, thing, exhibit or any other item of evidence; (2) describe it by its title or a description of it; and (3) state who has possession of it.

a.   Insurance coverage in effect providing coverage to you or your insured and any asserted exclusions or denial of coverage;

b.   Any property damage involving any of the vehicles involved in this suit, the appraisal of property damage, estimates, photographs, repair and payment of property damage;

c.   The adjuster assigned to handle this claim and any appraiser or independent adjustment company assigned to evaluate bodily injury, property damage, med pay, or any other claim for payment;

d.   Relating to the incident/crash and its occurrence, including eyewitnesses, its investigation, investigative officers, crash reconstruction, or other information concerning the crash and the cause of it;

e.   Regarding plaintiff's bodily injury claims or any assertion by you that plaintiff's injuries, in whole or in part, were not caused by the crash at issue;

f.   Regarding plaintiff's claim for loss of income and any assertion by you that plaintiff has not lost all or a part of his income or will not lose income in the future as a result of this incident;

g.   Any information regarding any allegation by you that plaintiff's own negligence caused or contributed to the crash at issue.

4

<u>INTERROGATORY NO. 12:</u>

State whether you or your attorney or any third party have in your possession any still photographs or video surveillance tapes of plaintiff, ERIC M. GAUFF, JR., and, if so, state:

    a.    The date that all photographs and/or video surveillance were taken;

    b.    The name, address and telephone number of any and all individuals who took the photographs and/or filmed the surveillance video;

    c.    All locations in which any of the above listed plaintiff was photographed and/or under video surveillance.

<u>INTERROGATORY NO. 13:</u>

Please list the last known address and telephone number of DIONNIS GUEVARA-FIGUERDO and the date of the last contact between you and DIONNIS GUEVARA-FIGUERDO.

<u>INTERROGATORY NO. 14:</u>

Please state the name, address and telephone number of the registered owner of the vehicle involved in the subject crash.

<u>INTERROGATORY NO. 15:</u>

Please state whether DIONNIS GUEVARA-FIGUERDO was driving the vehicle involved in the subject crash with the full knowledge, consent and permission of the owner of the vehicle insured by your company.

<u>INTERROGATORY NO. 16:</u>

Please state whether DIONNIS GUEVARA-FIGUERDO was in the course and scope of any employment at the time of the subject crash and, if so, please state the name, address and telephone of his employer.

<u>INTERROGATORY NO. 17:</u>

With respect to any expert witness you expect to call at trial, please:

    a.    Give a complete statement of all opinions to be expressed and the basis of reasons therefore;

5

b.   Identify the data or other information considered by the witness in forming the opinions;

c.   Describe and produce any exhibits to be used as a summary of or support for the opinions;

d.   State the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten (10) years (please produce a current curriculum vitae if available);

e.   Describe the compensation to be paid for the study and testimony/testimonies;

f.   Provide a listing (by jurisdiction, caption, and case number if available) of any other cases in which the witness testified as an expert at trial or by deposition within the preceding four (4) years, indicating the side or party for whom the witness testified and the attorney representing such party;

g.   State the number of cases on which the witness has previously consulted with the counsel or firm retaining that expert in this case, and identify the case/cases if the testimony occurred within the last four (4) years;

h.   State the number of cases in which the witness has previously testified in that position, hearing or trial on behalf of a party represented by the counsel or firm retaining that expert in this case, and identify the case/cases if the testimony occurred within the last four (4) years;

i.   Provide a listing of any medical, professional or technical literature that the witness has read in connection with this case;

j.   Provide a listing of the books in the witness' possession or control that relate to the subject matter of the witness' testimony;

k.     Provide a listing of the professional journals to which the witness

has subscribed during the past four (4) years; and

l.     State whether the expert knows the party/parties on whose behalf

the expert is testifying and describe any personal, professional or

social relationship between the expert and such party.

INTERROGATORY NO. 18:

List the name, address and telephone number of all individuals who gave an

audio recorded statement, and the name, address and telephone number of all adjusters

who took audio recorded statements of any witness or party involving the subject crash.

## REQUEST FOR PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION NO. 1:

Produce each and every:

a.     Document, photograph, video, writing, notation, radiographic film, thing,

exhibit, or any other item of evidence referred in your answers to the

preceding Interrogatories.   For every photograph, slide or illustration,

please attach a color copy.  (Your reasonable reproduction cost for color

copies will be immediately paid by counsel upon receipt of invoice.)

b.     Any document or evidence which you intend to produce as an exhibit at

the trial of this case;

c.     A certified copy of all policies of insurance in existence at the time of the

incident/crash   providing   applicable   insurance   coverage   for   the

incident/crash involved in this suit;

d.     Any other document, photograph, video, writing, notation, radiographic

film, thing, exhibit or any other item of evidence having any information

pertaining to plaintiff's claims, defendants' defenses, any counter claim or

any other claim in this suit in your possession.

**REQUEST FOR PRODUCTION NO. 2:**

Produce duplicate photographs and duplicate videos depicting any and all photographs and video surveillance of plaintiff, ERIC M. GAUFF, JR.

**REQUEST FOR PRODUCTION NO. 3:**

Produce audio recorded statements pursuant to *Landis v. Moreau, 779 So2d 691 (La. 2001).*

**REQUEST FOR PRODUCTION NO. 4:**

Produce transcripts of all recorded statements of any witness of party related to the subject crash pursuant to *Landis v. Moreau, 779 So2d 691 (La. 2001).*

**REQUEST FOR PRODUCTION NO.5:**

Produce copies of all transcripts and all written statements prepared by any individual with knowledge concerning the subject crash.

**REQUEST FOR PRODUCTION NO. 6:**

Produce a copy of DIONNIS GUEVARA-FIGUERDO's driver's license.

**REQUEST FOR PRODUCTION NO. 7:**

Regarding the experts listed in your Answer to Interrogatory No. 17, please produce the following documents:

    a.    All documents provided to any expert witness whom you expect to call at trial, including records, reports, literature, memoranda, or any other documents prepared by you or your attorney;

    b.    All records of attendance and continuing medical education courses for the witness for the previous (5) years;

    c.    The witness' most recent curriculum vitae;

    d.    Any literature file maintained by the witness of articles, treatises, pamphlets, and the like concerning any subjects related to this litigation;

e.    Any articles, treatises, books, speeches, or other writings, whether published or unpublished, that the witness has or delivered on the topic for which the witness is testifying in this matter;

f.    Transcripts of any testimony the witness has given in any case as an expert witness on any topic;

g.    All transcripts and/or testimony, whether by deposition or in court, given by the witness in any case in which the witness was a defendant concerning any issues relevant to this case;

h.    All medical literature, articles, treatises, pamphlets, videotapes, educational materials of any kind, or instructions used or relied upon the witness concerning the IME performed on plaintiff; and

i.    As to each expert witness whom you expect to call at trial:

1.    All documents provided to such experts in connection with this case, including records, reports, literature, memoranda, and/or any other documents;

2.    Any records, reports, notes, memoranda, bills, correspondence, or any other documents prepared by any expert witness in connection with this case;

3.    Copies of any manuscripts, drafts, galleys, outlines, slides and the like, concerning any oral or written presentations made by the expert on any subject relevant to this case which are not in the public domain;

4.    Transcripts of any deposition(s) or trail testimony in the expert's possession or control on any subject relevant to this case;

5.    A current CV for each such expert; and

6.    Any exhibits prepared by or with the assistance of the

expert which are intended to illustrate aspects of the

expert's testimony.

REQUEST FOR PRODUCTION NO. 8:

Pursuant to the *Louisiana Code of Civil Procedure Article 1458,* the attached

Verification, signed and notarized.

**THESE INTERROGATORIES AND REQUEST FOR PRODUCTION OF**

**DOCUMENTS ARE DEEMED CONTINUING AND SHOULD BE SUPPLEMENTED**

**REASONABLY IF AND WHEN YOU OR YOUR AGENT ARE IN POSSESSION OF**

**PHOTOGRAPHIC SURVEILLANCE OR VIDEO SURVEILLANCE.**

Respectfully submitted,

FAVRET, DEMAREST, RUSSO,
LUTKEWITTE & SCHAUMBURG
A Professional Law Corporation

_____
DEAN J. FAVRET, Bar #20186
ANTHONY J. RUSSO, Bar #8806
SETH H. SCHAUMBURG, Bar #24636
ANGELA C. IMBORNONE, Bar #19631
LAUREN A. FAVRET, Bar #33826
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
Telephone: (504) 561-1006
Facsimile: (504) 523-0699
Email: dean@favretlaw.com
Email: angela@favretlaw.com
Attorneys for Plaintiff

**PLEASE HOLD SERVICE**

**PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY**
Through the Secretary of State
State of Louisiana
8585 Archives Avenue
Baton Rouge, LA 70809

<u>**VERIFICATION**</u>

STATE OF _____

PARISH OF _____

**BEFORE ME**, the undersigned authority, personally came and appeared:

**PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY**
**Through its undersigned representative,**

who, after being duly sworn, did depose and state that he/she has read the foregoing

Answers to Interrogatories and Responses to Request for Production of Documents and

that same are true and correct according to his/her information, knowledge and belief.

**PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY**

**By:** _____

**Printed Name:** _____

**Title:** _____

SWORN TO AND SUBSCRIBED BEFORE ME
THIS _____ DAY OF _____, 20__.

_____
NOTARY PUBLIC
NOTARY I.D.

11

ERIC M. GAUFF, JR.                          40TH JUDICIAL DISTRICT COURT

VERSUS                                      PARISH OF ST. JOHN THE BAPTIST

PROGRESSIVE SECURITY                        STATE OF LOUISIANA
INSURANCE COMPANY, ET AL
DOCKET NO. 77169                            DIVISION "C"

Eliana DeFrancesch - Clerk of Court
Filed: Dec 13, 2021  11:52 AM

134762350    **AFFIDAVIT OF SERVICE**

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned authority, personally came and appeared:

DEAN J. FAVRET

who, after being duly sworn, deposed and said:

That he is the attorney for plaintiff, ERIC M. GAUFF, JR.

That a Petition for Damages was filed on behalf of the plaintiff on October 1, 2021;

That he caused to be typed correspondence dated October 22, 2021, which accompanied a Citation, Petition for Damages, Interrogatories and Request for Production of Documents in these proceedings and which were forwarded by Certified Mail, Return Receipt Requested No. 70170190000068588381, to defendant, Dionnis Guevara-Figuerdo, 2562 W. Berry Street, Odessa, Texas 79766;

That the original return receipt is dated November 3, 2021, unsigned due to COVID, however the U.S. Postmaster delivered the Certified Mail to an individual at 2562 W. Berry Street, Odessa, Texas 79766;

That a copy of the Citation, Petition for Damages, Interrogatories, Request for Production of Documents, correspondence, Certified Return Receipt and Tracking of the Postmaster are attached;

1

That this Affidavit of Service is prepared for the purpose of evidencing service pursuant to *Louisiana Long Arm Statute 13:3201 et seq* upon the defendant herein.

_____
DEAN J. FAVRET

SWORN TO AND SUBSCRIBED BEFORE ME
THIS 8th DAY OF DECEMBER, 2021.

_____
**ANGELA C. IMBORNONE**
NOTARY PUBLIC - My Commission is for Life
BAR ROLL #19631

2

# USPS Tracking®

FAQs >

## Track Another Package  ✕

Enter up to 35 tracking numbers separated by commas or enter a barcode number

## Track

**Tracking Number:** 70170190000068588381                  Remove ✕



Your item was delivered to an individual at the address at 11:20 am on November 3, 2021 in ODESSA, TX 79766.

## ✓ Delivered, Left with Individual

November 3, 2021 at 11:20 am
ODESSA, TX 79766

## Get Updates ∨

| Text & Email Updates | ∨ |
|---|---|

| Tracking History | ∨ |
|---|---|

| Product Information | ∨ |
|---|---|

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

D'IONNIS GUEVARA-FIGUERDO
2562 W. BERRY STREET
ODESSA, TEXAS 79766

9590 9402 4535 8278 5377 44

7017 1020 0000 6A5A A3A1

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

O F F I C I A L   U S E

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $

Postage
$

Postmark
Here

Total Postage and Fees
$

Sent To   DIONNIS GUEVARA-FIGUERDO
          2562 WEST BERRY STREET
          ODESSA, TEXAS 79766

7017 0390 0000 6A5A 8361

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

## Favret, Demarest, Russo, Lutkewitte & Schaumburg

A Professional Law Corporation
Suite 1400
1515 Poydras Street
New Orleans, Louisiana 70112
(504) 561-1006
Telecopier (504) 523-0699

Anthony J. Russo
Thomas J. Lutkewitte
Dean J. Favret
Seth H. Schaumburg
Angela C. Imbornone
Conor T. Lutkewitte
Lauren A. Favret

Of Counsel
Charles A. Imbornone

Clarence F. Favret, Sr.
1896-1988

J. Paul Demarest
1942-2007

Marshall J. Favret
1935-2014

Writer's e-mail address:
dean@favretlaw.com

October 22, 2021

**VIA CERTIFIED MAIL - RETURN RECEIPT NO.: 70170190000068588381**
**DIONNIS GUEVARA-FIGUERDO**
**2562 W. BERRY STREET**
**ODESSA, TEXAS 79766**

RE:    *Eric M. Gauff, Jr. v. Progressive Security Insurance Co.*
       40TH Judicial District Court, St. John the Baptist Parish No.:

Dear Dionnis Guevara-Figuerdo:

Enclosed please find a Citation and Petition for Damages, Interrogatories and Request for Production of Documents which are being served upon you under the provisions of the *Louisiana Long-Arm Statute R.S. 13:3201.*

Under the provisions of this Statute you have thirty (30) days within which to file responsive pleadings from date of receipt.

With kind regards, I remain

Yours very truly,

FAVRET, DEMAREST, RUSSO,
LUTKEWITTE & SCHAUMBURG

DEAN J. FAVRET

DJF/st
Enclosures

# D55657530

D55657530

## CITATION - LONG ARM STATUTE

| | |
|---|---|
| ERIC M. GAUFF JR | 40TH JUDICIAL DISTRICT COURT |
| VS | PARISH OF ST. JOHN THE BAPTIST |
| PROGRESSIVE SECURITY INSURANCE COMPANY, ET AL DOCKET NUMBER: C-77169 | STATE OF LOUISIANA DIVISION: C |

**To:** **DIONNIS GUEVARA FIGUERDO**
**THROUGH THE LOUISIANA LONG ARM STATUTE**
**2562 W. BERRY STREET**
**ODESSA, TEXAS       79766**

**Parish:** **LONG ARM STATUTE**

You are hereby summoned to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing an Answer or other pleading to said Petition in the Fortieth Judicial District Court in and for the Parish of St. John the Baptist, State of Louisiana, within thirty (30) days after the service hereof, under penalty of default.

This service was ordered by **DEAN J. FAVRET, ESQ.** and was issued by the Clerk of Court on the **OCTOBER 11, 2021.**

\* Also attached are the following documents:

**PETITION FOR DAMAGES**

*ANDRENESE L.M. THOMAS*
Deputy Clerk of Court for
Eliana DeFrancesch, Clerk of Court

RECEIVED ON THE _____ DAY OF _____, 20_____ AND ON THE _____ DAY OF _____, 20_____ SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED _____.

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS DOMICILE IN THE PARISH IN THE HANDS OF _____, A PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE.

RETURNED: PARISH OF _____ THIS _____ DAY OF _____, 20____.

| | |
|---|---|
| SERVICE $_____ | BY:_____ |
| MILEAGE $_____ | DEPUTY SHERIFF |
| TOTAL   $_____ | |

ORIGINAL – RETURN          COPY – SERVICE          COPY - CLERK

40TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. JOHN THE BAPTIST

STATE OF LOUISIANA

CIVIL ACTION NO. 77169          DIVISION " C          SECTION " "

ERIC M. GAUFF, JR.

-versus-

PROGRESSIVE SECURITY INSURANCE COMPANY,
DIONNIS GUEVARA-FIGUERDO AND DGF TRANSPORT LLC

St. John the Baptist Parish Clerk of Court
FILED: ____Eliana DeFrancesch____
Filed: LAPLACE, LOUISIANA                          \   DEPUTY CLERK
Date: OCTOBER 1, 2021
Time: 3:16 P.M.
PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, ERIC M.

GAUFF, JR., of age and domiciled in the Parish of St. Charles, State of Louisiana, with

respect represents that:

I.

The following parties be made Defendants herein:

a.     PROGRESSIVE SECURITY INSURANCE COMPANY, a domestic
       insurer, domiciled in the State of Louisiana, authorized to do and
       doing business in the State of Louisiana;

b.     DIONNIS GUEVARA-FIGUERDO, of age and a resident of the
       State of Texas; and

c.     DGF TRANSPORT LLC, a limited liability company, domiciled in
       Texas, not authorized to do but doing business in the State of
       Louisiana.

II.

On October 23, 2020, at approximately 8:30 a.m., Plaintiff, ERIC GAUFF, JR., was

the owner and operator of a 2016 Chevrolet Camaro, traveling in the left through lane of

southbound Louisiana Highway 3138, near its intersection with West Airline Highway,

which southbound Louisiana Highway 3188 traffic, at all material times herein was

controlled by a red traffic control signal, when Plaintiff, ERIC M. GAUFF, JR., brought

his vehicle to a gradual, safe and complete stop, due to the red traffic control signal, in

the City of LaPlace and Parish of St. John the Baptist, State of Louisiana.

1

### III.

Defendant, DIONNIS GUEVARA-FIGUERDO, on that date, was the owner and operator of a 2015 Volvo tractor trailer, traveling in the left turn lane on southbound Louisiana Highway 3138, at that same location, traveling adjacent to the GAUFF vehicle, when suddenly and without warning, defendant, DIONNIS GUEVARA-FIGUERDO, changed from the left turn lane into the left through lane and collided with the GAUFF vehicle that was at a complete stop in the left through lane of southbound Louisiana Highway 3138.

### IV.

At all material times herein, Defendant DIONNIS GUEVARA-FIGUERDO, was operating the 2015 Volvo tractor trailer in the course and scope of his employment with Defendant, DGF TRANSPORT LLC.

### V.

Plaintiff shows that the crash was caused by the negligence of the Defendant, DIONNIS GUEVARA-FIGUERDO, which negligence is imputed to his employer and Defendant, DGF TRANSPORT LLC, which negligence consists of the following non-exclusive particulars:

    a.    In the careless operation of a motor vehicle;

    b.    In failing to see what he should have seen;

    c.    In negligently changing lanes and colliding into the GAUFF vehicle;

    d.    In driving inattentively; and

    e.    All those other acts of negligence known only to the Defendants, DIONNIS GUEVARA-FIGUERDO and DGF TRANSPORT LLC.

### VI.

On the date of the crash, there was in full force and effect a policy of insurance issued by Defendant, PROGRESSIVE SECURITY INSURANCE COMPANY to Defendants, DIONNIS GUEVARA-FIGUERDO and DGF TRANSPORT LLC, which policy of insurance affords coverage for the type of crash sued upon herein.

2

## VII.

As a result of the crash, Plaintiff, ERIC M. GAUFF, JR., was injured.

## VIII.

As a result of the crash, the vehicle owned by Plaintiff, ERIC M. GAUFF, JR., was damaged.

## IX.

As a result of the crash, Plaintiff, ERIC M. GAUFF, JR., sustained damages consisting of physical pain and suffering, past and future; mental, emotional and psychological pain and suffering, past and future; medical expenses, past and future; loss of enjoyment of life, past and future; permanent impairment; permanent disability; loss of wages, past and future; and all other damages to be proven at Trial in this matter

**WHEREFORE**, Plaintiff, ERIC M. GAUFF, JR., prays that after all legal delays and due proceedings had that there be Judgment herein in favor of Plaintiff, ERIC M. GAUFF, JR., and against the Defendants, PROGRESSIVE SECURITY INSURANCE COMPANY, DIONNIS GUEVARA-FIGUERDO and DGF TRANSPORT LLC, jointly and *in solido*, in an amount to be set by this Honorable Court, together with legal interest thereon from date of judicial demand, until paid, and for all costs of these proceedings.

Respectfully submitted,

FAVRET, DEMAREST, RUSSO,
LUTKEWITTE & SCHAUMBURG

DEAN J. FAVRET, Bar #20186
ANGELA C. IMBORNONE, Bar #19631
SETH H. SCHAUMBURG, Bar #24636
ANTHONY J. RUSSO, Bar #8806
LAUREN A. FAVRET, Bar #33826
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
Telephone: (504) 561-1006; Facsimile: (504) 523-0699
Email: dean@favretlaw.com;
Email: angela@favretlaw.com
Attorneys for Plaintiff

**PLEASE SERVE**

**PLEASE SEE NEXT PAGE FOR SERVICE INSTRUCTIONS**

3

**PLEASE SERVE:**

PROGRESSIVE SECURITY INSURANCE COMPANY
**THROUGH THE LOUISIANA SECRETARY OF STATE**
**8585 ARCHIVES AVENUE**
**BATON ROUGE, LA  70809**


THROUGH THE LOUISIANA LONG ARM STATUTE
**DIONNIS GUEVARA-FIGUERDO**
**2562 W.  BERRY STREET**
**ODESSA, TEXAS 79766**

THROUGH THE LOUISIANA LONG ARM STATUTE
**DGF TRANSPORT LLC**
**2562 W. BERRY STREET**
**ODESSA, TEXAS 79766**

4

40TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. JOHN THE BAPTIST

STATE OF LOUISIANA

CIVIL ACTION NO. 77169                                    . DIVISION " "C

Eliana DeFrancesch - Clerk of Court
Filed: Oct 01, 2021  3:16 PM

**ERIC M. GAUFF, JR.**

134649698                              -versus-

**PROGRESSIVE SECURITY INSURANCE COMPANY, DIONNIS GUEVARA-
FIGUERDO AND DGF TRANSPORT LLC**

FILED: _____              _____
                                                            DEPUTY CLERK

## INTERROGATORIES AND
## REQUEST FOR PRODUCTION OF DOCUMENTS

**TO:     DIONNIS GUEVARA-FIGUERDO
          2562 W. BERRY STREET
          ODESSA, TEXAS 79766**

COMES NOW, Plaintiff, **ERIC M. GAUFF, JR.**, through undersigned counsel, and

directs the following Interrogatories and Request for Production of Documents to

defendant, **DIONNIS GUEVARA-FIGUERDO**, to be answered under oath within the

delays provided by the *Louisiana Code of Civil Procedure*:

INTERROGATORY NO. 1:

For each policy of insurance providing insurance coverage for the

incident/accident involved in this suit state:

   a.  The name of the insurer;

   b.  The limits of coverage for liability, UM, med pay, property damage and

       property damage liability;

   c.  Whether you deny coverage or assert any exclusions; if your answer is yes, the

       factual basis for your denial of coverage or assertion of exclusions; and

   d.  Identify any umbrella or excess policies of insurance along with name of

       insurer and limits of coverage.

INTERROGATORY NO. 2:

State your version of the incident/accident at issue.

**INTERROGATORY NO. 3:**

Do you allege that plaintiff was at fault in causing the accident? If your answer is yes, state the factual basis for any allegation that plaintiff was at fault or contributed to the accident.

**INTERROGATORY NO. 4:**

List each and every defense you allege to plaintiff's claims for bodily injury, medical expenses, property damage, loss of income, disability, scarring, mental anguish, loss of consortium or any other claim for damages made by plaintiff. For each defense you list, state the factual basis on which you assert this defense.

**INTERROGATORY NO. 5:**

State whether you were employed at the time of the incident/accident and, if so, state the name, address and telephone number of your employer and state whether the incident/accident occurred while you were on duty or performing a job related function.

**INTERROGATORY NO. 6:**

List any and all restrictions that you are aware of that you have affecting your ability to drive or in connection with your license to drive, including any restrictions on your eyesight, movement, mental condition, medical condition, or any other conditions which would restrict or affect your driving.

**INTERROGATORY NO. 7:**

List and describe each and every other vehicular accident that you have knowledge of that you have ever been involved in as a driver providing the date, location and how the accident occurred.

**INTERROGATORY NO. 8:**

State whether you received a citation for the incident/accident at issue and, if so, whether you paid the citation and, if not, how it was resolved.

**INTERROGATORY NO. 9:**

List each and every arrest, plea or conviction that you are aware of that you have been involved in or have incurred in the past.

INTERROGATORY NO. 10:

State the name of every <u>person or entity</u> which you know has any information, or may testify, or has contacted you regarding this case in connection with the following issues:

For each **PERSON OR ENTITY** state (1) address, employment, phone number; (2) whether they will be called as a witness at trial; and (3) provide a detailed factual description of the information they possess or the testimony they will be providing.

a. Insurance coverage in effect providing coverage to you or your insured and any asserted exclusions or denial of coverage;

b. Any property damage involving any of the vehicles involved in this suit, the appraisal of property damage, estimates, photographs, repair and payment of property damage;

c. The adjuster assigned to handle this claim and any appraiser or independent adjustment company assigned to evaluate bodily injury, property damage, med pay or any other claim for payment;

d. Relating to the incident/accident and its occurrence, including eyewitnesses, its investigation, investigative officers, accident reconstruction, or other information concerning the accident and the cause of it;

e. Regarding plaintiff's bodily injury claim or any assertion by you that plaintiff's injuries, in whole or in part, were not caused by the accident at issue;

f. Regarding plaintiff's claim for loss of income and any assertion by you that plaintiff has not lost all or a part of his income or will not lose income in the future as a result of this incident;

g. Any information regarding any allegation by you that plaintiff's own negligence caused or contributed to the accident at issue.

INTERROGATORY NO. 11:

Describe every **DOCUMENT OR THING** which you know has any information in connection with the following issues:

For each **DOCUMENT OR THING** include: (1) each and every photograph, video, writing, notation, radiographic film, thing, exhibit or any other item of evidence; (2) describe it by its title or a description of it; and (3) state who has possession of it.

    a.  Insurance coverage in effect providing coverage to you or your insured and any asserted exclusions or denial of coverage;

    b.  Any property damage involving any of the vehicles involved in this suit, the appraisal of property damage, estimates, photographs, repair and payment of property damage;

    c.  The adjuster assigned to handle this claim and any appraiser or independent adjustment company assigned to evaluate bodily injury, property damage, med pay, or any other claim for payment;

    d.  Relating to the incident/accident and its occurrence, including eyewitnesses, its investigation, investigative officers, accident reconstruction, or other information concerning the accident and the cause of it;

    e.  Regarding plaintiff's bodily injury claim or any assertion by you that plaintiff's injuries, in whole or in part, were not caused by the accident at issue;

    f.  Regarding plaintiff's claim for loss of income and any assertion by you that plaintiff has not lost all or a part of her income or will not lose income in the future as a result of this incident; and

    g.  Any information regarding any allegation by you that plaintiff's own negligence caused or contributed to the accident at issue.

<u>INTERROGATORY NO. 12:</u>

State whether you or your attorney or any third party have in your possession any still photographs or video surveillance tapes of plaintiff, **ERIC M. GAUFF, JR.**, and, if so, state:

    a.  The date that all photographs and/or video surveillance were taken;

    b.  The name, address and telephone number of any and all individuals who took the photographs and/or filmed the surveillance video; and

   c. All locations in which any of the above listed plaintiff was photographed and/or under video surveillance.

INTERROGATORY NO. 13:

Please state the name, address and telephone number of the registered owner of the vehicle involved in the subject accident.

INTERROGATORY NO. 14:

Please state whether you were driving the vehicle involved in the subject accident with the full knowledge, permission and consent of the registered owner of the vehicle involved in the subject accident.

INTERROGATORY NO. 15:

List the name, address and telephone number of all individuals who gave an audio recorded statement, and the name, address and telephone number of all adjusters who took audio recorded statements of any witness or party involving the subject accident.

## REQUEST FOR PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION NO. 1:

Produce each and every:

   a. Document, photograph, video, writing, notation, radiographic film, thing, exhibit, or any other item of evidence referred in your answers to the preceding Interrogatories:  For every photograph, slide or illustration, please attach a color copy.  (Your reasonable reproduction cost for color copies will be immediately paid by counsel upon receipt of invoice.)

   b. Any document or evidence which you intend to produce as an exhibit at the trial of this case;

   c. A certified copy of all policies of insurance in existence at the time of the incident/accident providing applicable insurance coverage for the incident/accident involved in this suit;

   d. Any other document, photograph, video, writing, notation, radiographic film, thing, exhibit or any other item of evidence having any information pertaining

to plaintiff's claims, defendants' defenses, any counter claim or any other claim in this suit in your possession.

REQUEST FOR PRODUCTION NO. 2:

Produce duplicate photographs and duplicate videos depicting any and all photographs and video surveillance of plaintiff, **ERIC M. GAUFF, JR.**

REQUEST FOR PRODUCTION NO. 3:

Produce a copy of your driver's license.

REQUEST FOR PRODUCTION NO. 4:

Produce audio recorded statements pursuant to *Landis v. Moreau, 779 So2d 691 (La. 2001).*

REQUEST FOR PRODUCTION NO. 5:

Produce transcripts of all recorded statements of any witness of party related to the subject accident pursuant to *Landis v. Moreau, 779 So2d 691 (La. 2001).*

REQUEST FOR PRODUCTION NO. 6:

Produce copies of all transcripts and all written statements prepared by any individual with knowledge concerning the subject accident.

REQUEST FOR PRODUCTION NO. 7:

Produce any and all exhibits listed, described, referred to and requested to be produced in answering the preceding set of Interrogatories.

REQUEST FOR PRODUCTION NO. 8.

Pursuant to the *Louisiana Code of Civil Procedure Article 1458*, the attached Verification, signed and notarized.

**THESE INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS ARE DEEMED CONTINUING AND SHOULD BE SUPPLEMENTED REASONABLY IF AND WHEN YOU OR YOUR AGENT ARE IN POSSESSION OF PHOTOGRAPHIC SURVEILLANCE OR VIDEO SURVEILLANCE.**

Respectfully submitted,

FAVRET, DEMAREST, RUSSO,
LUTKEWITTE & SCHAUMBURG

A Professional Law Corporation

_____
DEAN J. FAVRET, Bar #20186
SETH H. SCHAUMBURG, Bar #24636
ANTHONY J. RUSSO, Bar #8806
ANGELA C. IMBORNONE, Bar #19631
LAUREN A. FAVRET, Bar #33826
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
Telephone: (504) 561-1006
Facsimile: (504) 523-0699
Email: dean@favretlaw.com
Email: angela@favretlaw.com
Attorneys for Plaintiff

**PLEASE SERVE:**

**DIONNIS GUEVARA-FIGUERDO**
**2562 W. BERRY STREET**
**ODESSA, TEXAS 79766**

<u>**VERIFICATION**</u>

STATE OF _____

PARISH OF _____

     BEFORE ME, the undersigned authority, personally came and appeared:

<strong>DIONNIS GUEVARA-FIGUERDO</strong>

who, after being duly sworn, did depose and state that he has read the foregoing Answers

to Interrogatories and Responses to Request for Production of Documents and that same

are true and correct according to his information, knowledge and belief.


                              _____

                              **DIONNIS GUEVARA-FIGUERDO**


Sworn to and subscribed before me
this _____ day of _____, 2021.


_____
NOTARY PUBLIC
NOTARY I.D. #: _____

ERIC M. GAUFF, JR.

VERSUS

PROGRESSIVE SECURITY
INSURANCE COMPANY, ET AL
DOCKET NO. 77169

40TH JUDICIAL DISTRICT COURT

PARISH OF ST. JOHN THE BAPTIST

STATE OF LOUISIANA

DIVISION "C"

Eliana DeFrancesch - Clerk of Court
Filed: Dec 13, 2021  11:52 AM

134762368       AFFIDAVIT OF SERVICE

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned authority, personally came and appeared:

DEAN J. FAVRET

who, after being duly sworn, deposed and said:

That he is the attorney for plaintiff, ERIC M. GAUFF, JR.

That a Petition for Damages was filed on behalf of the plaintiff on October 1, 2021;

That he caused to be typed correspondence dated October 22, 2021, which accompanied a Citation, Petition for Damages, Interrogatories and Request for Production of Documents in these proceedings and which were forwarded by Certified Mail, Return Receipt Requested No. 70170190000068588411, to defendant, DGF TRANSPORT LLC, 2562 W. Berry Street, Odessa, Texas 79766;

That the original return receipt is dated November 3, 2021, unsigned due to COVID, however the U.S. Postmaster delivered the Certified Mail to an individual at DGF TRANSPORT LLC, 2562 W. Berry Street, Odessa, Texas 79766;

That a copy of the Citation, Petition for Damages, Interrogatories, Request for Production of Documents, correspondence, Certified Return Receipt and Tracking of the Postmaster are attached;

1

That this Affidavit of Service is prepared for the purpose of evidencing service pursuant to *Louisiana Long Arm Statute 13:3201 et seq.* upon the defendant herein.

_____
DEAN J. FAVRET

SWORN TO AND SUBSCRIBED BEFORE ME
THIS 8th DAY OF DECEMBER, 2021.

_____
**ANGELA C. IMBORNONE**
NOTARY PUBLIC - My Commission is for Life
BAR ROLL #19631

2

# USPS Tracking®

FAQs ›

## Track Another Package +

**Tracking Number:** 70170190000068588411

Remove ✕

Your item was delivered to an individual at the address at 11:20 am on November 3, 2021 in ODESSA, TX 79766.

## ⊘ Delivered, Left with Individual

November 3, 2021 at 11:20 am
ODESSA, TX 79766

Feedback

**Get Updates** ⌄

---

**Text & Email Updates** ⌄

---

**Tracking History** ⌄

---

**Product Information** ⌄

---

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

**DGF TRANSPORT LLC**
**2562 W. BERRY STREET**
**ODESSA, TEXAS 79766**

9590 9402 4535 8278 5377 37

7017 0190 0000 8656 8411

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)   $
☐ Return Receipt (electronic)   $
☐ Certified Mail Restricted Delivery   $
☐ Adult Signature Required   $
☐ Adult Signature Restricted Delivery   $

Postmark
Here

Postage

**DGF TRANSPORT LLC**
**2562 W. BERRY STREET**
**ODESSA, TEXAS 79766**

7017 0190 0000 8656 8411

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

## Favret, Demarest, Russo, Lutkewitte & Schaumburg

A Professional Law Corporation
Suite 1400
1515 Poydras Street
New Orleans, Louisiana 70112
(504) 561-1006
Telecopier (504) 523-0699

Writer's e-mail address:
dean@favretlaw.com

Anthony J. Russo
Thomas J. Lutkewitte
Dean J. Favret
Seth H. Schaumburg
Angela C. Imbornone
Conor T. Lutkewitte
Lauren A. Favret

Of Counsel
Charles A. Imbornone

Clarence F. Favret, Sr.
1896-1988

J. Paul Demarest
1942-2007

Marshall J. Favret
1935-2014

October 22, 2021

**VIA CERTIFIED MAIL - RETURN RECEIPT NO.: 70170190000068588411**
**DGF TRANSPORT LLC**
**2562 W. BERRY STREET**
**ODESSA, TEXAS 79766**

RE:   *Eric M. Gauff, Jr. v. Progressive Security Insurance Co.*
      40TH Judicial District Court, St. John the Baptist Parish No.:

Dear Sir/Madam:

Enclosed please find a Citation and Petition for Damages, Interrogatories and Request for Production of Documents which are being served upon you under the provisions of the *Louisiana Long-Arm Statute R.S. 13:3201.*

Under the provisions of this Statute you have thirty (30) days within which to file responsive pleadings from date of receipt.

With kind regards, I remain

Yours very truly,

FAVRET, DEMAREST, RUSSO,
LUTKEWITTE & SCHAUMBURG

DEAN J. FAVRET

DJF/st
Enclosures

**D55657522**
D55657522

## CITATION - LONG ARM STATUTE

| | |
|---|---|
| ERIC M. GAUFF, JR. | 40TH JUDICIAL DISTRICT COURT |
| VS | PARISH OF ST. JOHN THE BAPTIST |
| PROGRESSIVE SECURITY INSURANCE COMPANY, ET AL DOCKET NUMBER: C-77169 | STATE OF LOUISIANA |
| | DIVISION: C |

To:   **DGF TRANSPORT LLC**
      **THROUGH THE LOUISIANA LONG-ARM STATUTE**
      **2562 W. BERRY STREET**
      **ODESSA, TEXAS    79766**

**Parish:  LONG ARM STATUTE**

You are hereby summoned to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing an Answer or other pleading to said Petition, in the Fortieth Judicial District Court in and for the Parish of St. John the Baptist, State of Louisiana, within thirty (30) days after the service hereof, under penalty of default.

This service was ordered by **DEAN J. FAVRET, ESQ.** and was issued by the Clerk of Court on the **OCTOBER 11, 2021.**

* Also attached are the following documents:

**PETITION FOR DAMAGES**

*ANDRENESE L.M. THOMAS*,
Deputy Clerk of Court for
Eliana DeFrancesch, Clerk of Court

RECEIVED ON THE _____ DAY OF _____, 20_____ AND ON THE _____ DAY OF _____, 20_____ SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED _____.

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS DOMICILE IN THE PARISH IN THE HANDS OF _____, A PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE.

RETURNED:  PARISH OF _____ THIS _____ DAY OF _____, 20____.

SERVICE  $_____        BY:_____
MILEAGE $_____              DEPUTY SHERIFF
TOTAL    $_____

ORIGINAL – RETURN          COPY – SERVICE          COPY - CLERK

40TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. JOHN THE BAPTIST

STATE OF LOUISIANA

CIVIL ACTION NO. 77169                                    DIVISION " "C

Eliana DeFrancesch - Clerk of Court
Filed: Oct 01, 2021  3:16 PM                  ERIC M. GAUFF, JR.

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
                    134649680                    -versus-

PROGRESSIVE SECURITY INSURANCE COMPANY, DIONNIS GUEVARA-
FIGUERDO AND DGF TRANSPORT LLC

FILED: _____          _____
                                                   DEPUTY CLERK

INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS

TO:      DGF TRANSPORT LLC
         2562 W. BERRY STREET
         ODESSA, TEXAS 79766

        COMES NOW, Plaintiff, ERIC M. GAUFF, JR., through undersigned counsel, and

directs the following Interrogatories and Request for Production of Documents to

defendant, DGF TRANSPORT LLC, to be answered under oath within the delays

provided by the *Louisiana Code of Civil Procedure*:

INTERROGATORY NO. 1:

        For each policy of insurance providing insurance coverage for the

incident/accident involved in this suit state:

        a.      The name of the insurer;

        b.      The limits of coverage for liability, UM, med pay, property damage

                and property damage liability;

        c.      Whether you deny coverage or assert any exclusions; if your answer

                is yes, the factual basis for your denial of coverage or assertion of

                exclusions; and

        d.      Identify any umbrella or excess policies of insurance along with

                name of insurer and limits of coverage.

INTERROGATORY NO. 2:

        State the version of the accident as related to DGF TRANSPORT LLC.

INTERROGATORY NO. 3:

Do you allege that plaintiff was at fault in causing the accident? If your answer is yes, state the factual basis for any allegation that plaintiff was at fault or contributed to the accident.

INTERROGATORY NO. 4:

List each and every defense you allege to plaintiff's claims for bodily injury, medical expenses, property damage, loss of income, disability, scarring, mental anguish, loss of consortium or any other claim for damages made by plaintiff. For each defense you list, state the factual basis on which you assert this defense.

INTERROGATORY NO. 5:

State whether DIONNIS GUEVARA-FIGUERDO was in the employ of DGF TRANSPORT LLC, at the time of the subject accident and, if so, whether the accident occurred while the said DIONNIS GUEVARA-FIGUERDO was on duty or performing a job related function.

INTERROGATORY NO. 6:

If the said DIONNIS GUEVARA-FIGUERDO was not employed by DGF TRANSPORT LLC, at the time of the accident, please state the name of the company or companies by whom he was employed and state whether or not he was in the course and scope of his employment with said company or companies at the time of the subject accident.

INTERROGATORY NO. 7:

Please describe each and every other vehicle accident reported to you by the said DIONNIS GUEVARA-FIGUERDO where DIONNIS GUEVARA-FIGUERDO was involved as a driver, providing the date, location and a description of how the accident occurred.

INTERROGATORY NO. 8:

State whether DIONNIS GUEVARA-FIGUERDO received a citation for the accident at issue and, if so, whether said citation was paid and, if not, how same was resolved.

**INTERROGATORY NO. 9:**

List any and all restrictions that you are aware of that DIONNIS GUEVARA-FIGUERDO has affecting his ability to drive or in connection with his license to drive, including any restrictions on his eyesight, movement, mental condition, medical condition, or any other conditions which would restrict or affect his driving.

**INTERROGATORY NO. 10:**

List each and every arrest, plea or conviction that you are aware of that DIONNIS GUEVARA-FIGUERDO has been involved in or has incurred in the past.

**INTERROGATORY NO. 11:**

Please list the last known address and telephone number of DIONNIS GUEVARA-FIGUERDO and the date of the last contact between DGF TRANSPORT LLC, and DIONNIS GUEVARA-FIGUERDO.

**INTERROGATORY NO. 12:**

Please state the name, address and telephone number of the registered owner of the vehicle involved in the subject accident.

**INTERROGATORY NO. 13:**

Please state whether DIONNIS GUEVARA-FIGUERDO was driving the vehicle involved in the subject accident with the full knowledge, consent and permission of the owner of the vehicle owned by your company.

**INTERROGATORY NO. 14:**

State the name of every <u>person or entity</u> which you know has any information, or may testify, or has contacted you regarding this case in connection with the following issues:

For each **PERSON OR ENTITY** state (1) address, employment, phone number; (2) whether they will be called as a witness at trial; and (3) provide a detailed factual description of the information they possess or the testimony they will be providing.

      a.      Insurance coverage in effect providing coverage to you or your insured and any asserted exclusions or denial of coverage;

b.    Any property damage involving any of the vehicles involved in this suit, the appraisal of property damage, estimates, photographs, repair and payment of property damage;

c.    The adjuster assigned to handle this claim and any appraiser or independent adjustment company assigned to evaluate bodily injury, property damage, med pay or any other claim for payment;

d.    Relating to the incident/accident and its occurrence, including eyewitnesses, its investigation, investigative officers, accident reconstruction, or other information concerning the accident and the cause of it;

e.    Regarding plaintiff's bodily injury claim or any assertion by you that plaintiff's injuries, in whole or in part, were not caused by the accident at issue;

f.    Regarding plaintiff's claim for loss of income and any assertion by you that plaintiff has not lost all or a part of his income or will not lose income in the future as a result of this incident; and

g.    Any information regarding any allegation by you that plaintiff's own negligence caused or contributed to the accident at issue.

INTERROGATORY NO. 15:

Describe every **DOCUMENT OR THING** which you know has any information in connection with the following issues:

For each **DOCUMENT OR THING** include: (1) each and every photograph, video, writing, notation, radiographic film, thing, exhibit or any other item of evidence; (2) describe it by its title or a description of it; and (3) state who has possession of it.

a.    Insurance coverage in effect providing coverage to you or your insured and any asserted exclusions or denial of coverage;

b.    Any property damage involving any of the vehicles involved in this suit, the appraisal of property damage, estimates, photographs, repair and payment of property damage;

c. The adjuster assigned to handle this claim and any appraiser or independent adjustment company assigned to evaluate bodily injury, property damage, med pay, or any other claim for payment;

d. Relating to the incident/accident and its occurrence, including eyewitnesses, its investigation, investigative officers, accident reconstruction, or other information concerning the accident and the cause of it;

e. Regarding plaintiff's bodily injury claims or any assertion by you that plaintiff's injuries, in whole or in part, were not caused by the accident at issue;

f. Regarding plaintiff's claim for loss of income and any assertion by you that plaintiff has not lost all or a part of his income or will not lose income in the future as a result of this incident; and

g. Any information regarding any allegation by you that plaintiff's own negligence caused or contributed to the accident at issue.

INTERROGATORY NO. 16:

State whether you or your attorney or any third party have in your possession any still photographs or video surveillance tapes of plaintiff, ERIC M. GAUFF, JR., and, if so, state:

a. The date that all photographs and/or video surveillance were taken;

b. The name, address and telephone number of any and all individuals who took the photographs and/or filmed the surveillance video; and

c. All locations in which any of the above listed plaintiff was photographed and/or under video surveillance.

INTERROGATORY NO. 17:

If the above referred to DIONNIS GUEVARA-FIGUERDO was employed by your company at the time of the accident, please state whether or not he is still employed by DGF TRANSPORT LLC, and, if not, please state the date of the termination and the reason or reasons for the termination.

<u>INTERROGATORY NO. 18:</u>

List the name, address and telephone number of all individuals who gave an audio recorded statement, and the name, address and telephone number of all adjusters who took audio recorded statements of any witness or party involving the subject,accident.

<u>**REQUEST FOR PRODUCTION OF DOCUMENTS**</u>

<u>REQUEST FOR PRODUCTION NO. 1:</u>

Produce each and every:

a.   Document, photograph, video, writing, notation, radiographic film, thing, exhibit, or any other item of evidence referred in your answers to the preceding Interrogatories.  For every photograph, slide or illustration, please attach a color copy.   (Your reasonable reproduction cost for color copies will be immediately paid by counsel upon receipt of invoice.)

b.   Any document or evidence which you intend to produce as an exhibit at the trial of this case;

c.   A certified copy of all policies of insurance in existence at the time of the incident/accident providing applicable insurance coverage for the incident/accident involved in this suit; and

d.   Any other document, photograph, video, writing, notation, radiographic film, thing, exhibit or any other item of evidence having any information pertaining to plaintiff's claims, defendants' defenses, any counter claim or any other claim in this suit in your possession.

<u>REQUEST FOR PRODUCTION NO. 2:</u>

Produce duplicate photographs and duplicate videos depicting any and all photographs and video surveillance of plaintiff, ERIC M. GAUFF, JR.

REQUEST FOR PRODUCTION NO. 3:

Produce a copy of DIONNIS GUEVARA-FIGUERDO'S driver's license.

REQUEST FOR PRODUCTION NO. 4:

Produce audio recorded statements pursuant to *Landis v. Moreau, 779 So.2d 691 (La. 2001)*.

REQUEST FOR PRODUCTION NO. 5:

Produce transcripts of all recorded statements of any witness of party related to the subject accident pursuant to *Landis v. Moreau, 779 So.2d 691 (La. 2001)*.

REQUEST FOR PRODUCTION NO. 6:

Produce copies of all transcripts and all written statements prepared by any individual with knowledge concerning the subject accident.

REQUEST FOR PRODUCTION NO. 7:

Produce any and all exhibits listed, described, referred to and requested to be produced in answering the preceding set of Interrogatories.

REQUEST FOR PRODUCTION NO. 8:

Pursuant to the *Louisiana Code of Civil Procedure Article 1458*, the attached Verification, signed and notarized.

**THESE INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS ARE DEEMED CONTINUING AND SHOULD BE SUPPLEMENTED REASONABLY IF AND WHEN YOU OR YOUR AGENT ARE IN POSSESSION OF PHOTOGRAPHIC SURVEILLANCE OR VIDEO SURVEILLANCE.**

Respectfully submitted,

FAVRET, DEMAREST, RUSSO,
LUTKEWITTE & SCHAUMBURG

A Professional Law Corporation

_____

DEAN J. FAVRET, Bar #20186
ANTHONY J. RUSSO, Bar #8806
SETH H. SCHAUMBURG, Bar #24636
ANGELA C. IMBORNONE, Bar #19631
LAUREN A. FAVRET, Bar #33826
1515 Poydras Street, Suite 1400
New Orleans, Louisiana 70112
Telephone:  (504) 561-1006
Facsimile:  (504) 523-0699
Email: dean@favretlaw.com
Email: angela@favretlaw.com
Attorneys for Plaintiff

**PLEASE SERVE:**

**THROUGH THE LOUISIANA LONG-ARM STATUTE**

**DGF TRANSPORT LLC
2562 W. BERRY STREET
ODESSA, TEXAS 79766**

## VERIFICATION

STATE OF _____

PARISH OF _____

**BEFORE ME**, the undersigned authority, personally came and appeared:

**DGF TRANSPORT LLC**
**Through his undersigned representative,**

who, after being duly sworn, did depose and state that he has read the foregoing Answers

to Interrogatories and Responses to Request for Production of Documents and that same

are true and correct according to his information, knowledge and belief.

**DGF TRANSPORT LLC**

**By:** _____

**Printed Name:** _____

**Title:** _____

SWORN TO AND SUBSCRIBED BEFORE ME
THIS _____ DAY OF _____, 2021.

_____
NOTARY PUBLIC
NOTARY I.D. # _____

| | |
|---|---|
| ERIC M. GAUFF, JR. | 40TH JUDICIAL DISTRICT COURT |
| VERSUS | PARISH OF ST. JOHN THE BAPTIST |
| PROGRESSIVE SECURITY INSURANCE COMPANY, ET AL DOCKET NO. 77169 | STATE OF LOUISIANA |
| | DIVISION "C" |

Eliana DeFrancesch - Clerk of Court
Filed: Dec 13, 2021  11:52 AM

**ORDER**

134762335

Considering the above and foregoing;

**IT IS ORDERED** that the First Amending Petition for Damages be filed herein.

~~Laplace~~ Edgard, Louisiana this the 16 day of Dec ., 2021.

40TH JUDICIAL DISTRICT COURT JUDGE
J. Sterling Snowdy

PLEASE SERVE THE ORIGINAL PETITION FOR DAMAGES AND THE FIRST AMENDING PETITION FOR DAMAGES:

PROGRESSIVE COUNTY MUTUAL INS. CO. - <u>PLEASE HOLD SERVICE</u>

PLEASE SERVE THE FIRST AMENDING PETITION FOR DAMAGES:
PROGRESSIVE SECURITY INSURANCE COMPANY - <u>PLEASE HOLD SERVICE</u>

<u>THROUGH THE LOUISIANA LONG ARM STATUTE - PLEASE HOLD SERVICE</u>
DIONNIS GUEVARA-FIGUERDO

<u>THROUGH THE LOUISIANA LONG ARM STATUTE - PLEASE HOLD SERVICE</u>
DGF TRANSPORT LLC

I HEREBY CERTIFY THAT THE ABOVE AND
FOREGOING IS A TRUE AND CORRECT
COPY OF THE ORIGINAL ON FILE AND OF
RECORD IN MY OFFICE
DY. CLERK OF COURT
PARISH OF ST. JOHN THE BAPTIST, LA
DATE

SL
12-17-21
(cc→ D. FAVRet

3

D55657480

D55657480

## CITATION

ERIC M. GAUFF JR
VS
PROGRESSIVE SECURITY
INSURANCE COMPANY, ET AL
DOCKET NUMBER: C-77169

40TH JUDICIAL DISTRICT COURT
PARISH OF ST.JOHN THE BAPTIST
STATE OF LOUISIANA

DIVISION: C

To:     PROGRESSIVE SECURITY INSURANCE COMPANY
        THROUGH THE LOUISIANA SECRETARY OF STATE
        8585 ARCHIVES AVENUE
        BATON ROUGE, LA        70809

Parish: E. BATON ROUGE

You are hereby summoned to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing an Answer or other pleading to said Petition, in the Fortieth Judicial District Court in and for the Parish of St. John the Baptist, State of Louisiana, within fifteen (15) days after the service hereof, under penalty of default.

This service was ordered by DEAN J. FAVRET, ESQ. and was issued by the Clerk of Court on the OCTOBER 11, 2021.

* Also attached are the following documents:
  PETITION FOR DAMAGES

ANDRENESE L.M. THOMAS
Deputy Clerk of Court for
Eliana DeFrancesch, Clerk of Court

RECEIVED ON THE _____ DAY OF _____, 20____ AND ON THE _____ DAY OF _____, 20____ SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED _____

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS DOMICILE IN THE PARISH IN THE HANDS OF _____, A PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE.

RETURNED: PARISH OF _____ THIS _____ DAY OF _____, 20____.

SERVICE   $_____         BY: _____
MILEAGE $_____                    DEPUTY SHERIFF
TOTAL    $_____

ORIGINAL – RETURN        COPY – SERVICE        COPY - CLERK

I made service on the named party through the Office of the Secretary of State on

OCT 20 2021

by tendering a copy of this document to:
JULIE NESBITT

DY. E. CUMMINS #1155
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

Eliana DeFrancesch - Clerk of Court
Filed: Oct 29, 2021 11:32 AM
134700038